**STATE of Missouri, Respondent,**

v.

**Kirk J. COLLINS, Appellant.**

**No. 35692.**

Missouri Court of Appeals,
St. Louis District,
Division 2.

Jan. 21, 1975.

Motion for Rehearing or Transfer Denied · March 11, 1975.

Donald L. Schmidt, Legal Aid Society of St. Louis, Charles E. Kirksey, Jr., St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, III, Neil MacFarlane, Asst. Attys. Gen., Jefferson City, Brendan Ryan, John F. White, St. Louis, for respondent.

SMITH, Chief Judge.

Defendant was found guilty by a jury of murder first degree and assault with intent to kill with malice and was sentenced by the court to serve a life term for the murder conviction and 25 years for the assault.

The charges against defendant arose out of an incident which occurred early on the morning of September 19, 1972 when Byron Smith, his brother, Calvin Pitchford, and his brother's girlfriend were walking on McPherson near the intersection of Newstead and McPherson in St. Louis. As the three walked a camper truck approached from the east. Byron Smith stated that he heard shots and saw flashes of fire coming from the truck. Smith and Pitchford were struck by bullets and both men fell to the sidewalk.

Smith remained conscious and was able to observe the camper turn at the corner of Newstead and McPherson and stop. He saw three armed men exit from the rear of the camper and approach Pitchford who was lying on the sidewalk within reach of Smith. Smith recognized Kirk Collins as one of the three men, having seen him at a

cousin's house about one week prior to the shooting and again at Smith's own home a few days before the shooting.

Smith testified that one of the men came up to Pitchford and started "beating him in the head" and another tried to shoot Pitchford but was out of bullets. Finally the defendant shot two bullets into Pitchford's body and the three men returned to the camper and drove away. When defendant fired the two bullets into Pitchford he was standing facing Smith about a foot and a half away, enabling Smith to see him clearly. Pitchford had nine bullet wounds. He may have been dead before the three men left the camper. Byron Smith had seven bullet wounds and was critically wounded.

The initial contention tendered by defendant in his appeal is that the State failed to make a submissible case because the testimony of the prosecution's sole eyewitness, Smith, was so contradictory as to be incredible as a matter of law. An examination of Smith's testimony reveals no inconsistency with respect to his identification of the defendant as one of the men who alighted from the camper following the initial gunfire and approached Pitchford. Throughout the trial Byron steadfastly maintained that it was Kirk Collins who stood over Pitchford and shot him twice. During the trial of the present case Smith was confronted with his testimony in the earlier trial of Theodore Collins in which he appears to have said that Theodore Collins stood over Pitchford and fired two shots at him. Byron explained this apparent discrepancy by stating that he must have misunderstood the question asked on that previous occasion.

■ It is for the jury to determine what effect the prior inconsistent statement of a witness has upon his credibility. See State v. Spinks, 344 Mo. 105, 125 S. W.2d 60 (1939) [1, 2]. The testimony of the victim of an assault, identifying the assailant based on a face to face confrontation with him, constitutes substantial evidence of guilt and where such evidence exists the jury must weigh it and assess the effect of inconsistencies in the testimony. State v. Austin, 496 S.W.2d 799 (Mo. banc 1973) [1]. Such is the situation in the present case.

■ Furthermore, there is no question that the evidence shows defendant to have been one of the three assailants. The inconsistency relates only to whether defendant was the one who fired the final two bullets into Pitchford. Since defendant was shown to have acted with others in the common purpose of committing the crimes charged, whether he fired the final two shots was of no consequence. State v. Goodman, 482 S.W.2d 490 (Mo.1972) [1–3].

■ Defendant next raises three interrelated points as plain error (Rule 27.-20c) having recognized that he failed to preserve them with the proper objection or an adequate assignment in his motion for a new trial. The points all relate to a question asked of a defense witness and a further comment on closing argument both of which are alleged to have been prejudicial to defendant in that they destroyed the value of the witness's testimony. We need not determine whether the question or the argument were improper for alleged errors on closing argument of counsel and in cross-examination of defense witnesses do not justify relief as plain error unless they are determined to have had a decisive effect on the jury or to have resulted in a manifest injustice or miscarriage of justice. State v. Shepherd, 494 S.W.2d 53 (Mo.1973) [1]; State v. Elmore, 467 S. W.2d 915 (Mo.1971) [3]. In the present case there was positive identification of the defendant by one of his victims who survived the attack. The witness whose testimony is alleged to have been rendered valueless by the prosecutor gave no testimony which was inconsistent with the verdict of the jury. We find no manifest injustice.

■ Defendant has also filed a pro se brief in which he raises additional points. He contends that he has been denied due process as a result of a failure to include the summation of his counsel in the tran-

script on appeal. This contention is meritless for the record shows that defense counsel approved the transcript.

◼ Defendant contends that the[a] trial court erred in failing to instruct the jury on the lesser offenses of second degree murder and manslaughter. An examination of the evidence in the record clearly indicates that the victims were ambushed by defendant and other persons concealed in the rear of a camper truck. After the initial attack defendant and the other attackers went immediately to where Pitchford and Smith were lying helpless and wounded (in Pitchford's case possibly dead) and shot Pitchford twice more. Where as here the evidence shows only the offense of first degree murder, an instruction on second degree murder or manslaughter is not required. State v. Parker, 509 S.W.2d 67 (Mo.1974) [6].

Judgment affirmed.

KELLY and STEWART, JJ., concur.