**STATE of Missouri, Respondent,**

v.

**Michael FELTON, Appellant.**

No. 37522.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 25, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Frank Murphy, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael G. Ravetta, Asst. Circuit Atty., St. Louis, for plaintiff-appellant.

Scott Richardson, Newmark & Richardson, St. Louis, for defendant-respondent.

DOWD, Judge.

Defendant-appellant Michael E. Felton was convicted by a jury in the Circuit Court of the City of St. Louis of burglary in the second degree. In accordance with the Second Offender Act, Section 556.280 RSMo 1969, the court sentenced the defendant to five years in the custody of the Missouri Department of Corrections. Defendant does not challenge the sufficiency of the evidence, therefore, only the germane facts will be presented.

While on afternoon patrol in an unmarked car on June 24, 1974, Officers James Eichelberger and Wayne Keasling witnessed the defendant and one Hanford Tony Gaskin carrying stained glass windows from the premises located at 3952 Shaw, in St. Louis. A jacket was draped over the windows. The officers then observed the defendant and Gaskin proceed to a car and place the windows in the trunk. Driving up to where the vehicle was locat-

ed, the officers, dressed in civilian clothes, alighted from their car and identified themselves as police officers. Officer Eichelberger asked the defendant where he obtained the windows. The defendant stated he received them from a friend, but was unable to recall his name. Officer Eichelberger informed the defendant that he was under arrest and proceeded to search him. The search produced a screwdriver which, along with the windows and jacket, was seized as evidence.

The officer returned to the premises located at 3952 Shaw where he originally observed the defendant and Gaskin. Upon investigation of the premises Officer Eichelberger discovered two windows were missing from the building. Further investigation revealed that Mr. John Noecker, owner of the premises at 3952 Shaw, did not know the defendant, nor give him permission to remove the windows.

The police evidence unit was called in to perform an investigation. Fingerprints taken from the inside window sill matched the defendant's prints. Also, paint chips found in defendant's clothing matched samples removed from the premises located at 3952 Shaw.

Prior to the trial, defendant entered a motion to suppress certain evidence. After hearing testimony, the trial court denied the motion.

Testimony adduced at the trial included that of Officers Eichelberger and Keasling; John Noecker, owner of the premises located at 3952 Shaw; police technicians John Salamone and Emile Fiala; and Criminologist Marilyn Rummler. Defendant's counsel failed to object to the introduction of any physical evidence offered by the State. Defendant did not call any witnesses in his defense.

This appeal followed the denial of a post-trial motion which failed to contain any reference to physical evidence allegedly obtained by unlawful means.

Defendant raises one issue on appeal. Defendant contends the trial court erred in denying his pre-trial motion to suppress cer-tain physical evidence seized by the arresting officer in violation of the fourteenth amendment. Apparently defendant contends the screwdriver, jacket, and windows seized by the arresting officer were fruits of an illegal search and therefore should have been excluded as evidence.

The merits of defendant's contention turns on whether probable cause existed to arrest the defendant. However, the threshold question in this appeal involves the fundamental requirements to preserve alleged error for appellate review. Respondent contends the issue raised in this appeal was not preserved for review. The defendant of course argues otherwise, but in any event requests this court to consider the issue as plain error.

■ It is well-settled in Missouri that in order to preserve an issue relating to the validity of a search and the admissibility in evidence of fruits of that search, defendant must not only file a motion to suppress the controverted evidence, but also keep the question alive by timely objection, and by preservation of issue in his motion for a new trial. *State v. Yowell,* 513 S.W.2d 397 (Mo.1974).

■ In the case before us, the record does not contain timely objection to the controverted evidence. Nor does the motion for new trial refer to any physical evidence. The motion for new trial refers only to certain admissions made by the defendant prior to arrest. In view of the failure to follow the procedure to preserve issue for review, we are unable to consider the merits of defendant's contention.

As stated above, defendant requests that we consider the issue raised as plain error. In *State v. Meiers,* 412 S.W.2d 478 (Mo. 1967), our Supreme Court set out some general guidelines on the scope of plain error (at 480, 481):

" . . . Since its adoption we have invoked Rule 27.20(c) on a case by case basis to prevent 'manifest injustice or miscarriage of justice' and shall continue to do so where substantial rights are affected whether or not the error is

' . . . raised in the trial court or preserved for review, or defectively raised or preserved . . . ' But there must be a sound, substantial manifestation (not perceivable here), a strong, clear showing that injustice or miscarriage of justice will result if the rule is not invoked. We shall not invoke the rule in every case where it is claimed for the first time on appeal that this or similar state or federal constitutional rights have been violated, or for that matter in every case where it may appear for the first time on appeal that such rights in fact have been violated."

In the case before us we find no manifest injustice or miscarriage of justice. Here the fingerprints removed from the burglarized premises matched those of the defendant. Also, paint chips found on defendant's clothing matched samples taken from the premises. The conduct of the arresting officers does not demonstrate a lack of adherence to constitutional standards. The evidence presented by the state was incriminating. Thus, we find neither a sound, substantial manifestation of error, nor a strong clear showing that injustice or miscarriage of justice will result if the plain error rule is not invoked. Cf. *State v. Howard,* 540 S.W.2d 86 (Mo.1976).

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.