STATE of Missouri,
Plaintiff-Respondent,
v.
Michael Earl HOSKINS,
Defendant-Appellant.

No. KCD 28851.

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Kevin R. Locke, Lee M. Nation, Asst. Public Defenders, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals his conviction for burglary and stealing and consecutive three-year sentences.

No question of sufficiency is raised. Passers-by who noted a burglary in progress at a western clothing store followed a vehicle from the scene, memorized the license number, and reported to the police the number and the car's description. Defendant and a companion were arrested in the vehicle so described and bearing that license number within minutes. The defendant had a fresh laceration on his finger and on his forehead. Entry was gained to the burglarized premises by the breaking of glass in a doorway. The door was not unlocked, the burglars entering through the break in the glass. The burglary scene was processed for blood samples and fingerprints. No useable evidence of either was found.

Defendant raises a single issue, that the trial court erred in refusing to declare a mistrial because of claimed error in the prosecutor's argument.

That portion of the prosecutor's closing argument objected to by appellant follows:

MR. SCHAFFER: We also didn't have for you the fingerprints which were actually prints of Michael Hoskins—

MR. BENSON: I object to that, Your Honor. There was absolutely no evidence of fingerprints.

THE COURT: The objection is sustained.

MR. BENSON: And I would ask that the jury be instructed to disregard that comment.

THE COURT: The jury is instructed to disregard the last statement of counsel.

MR. BENSON: Your Honor, I ask for a mistrial at this time.

THE COURT: Your motion is over-ruled.

MR. SCHAFFER: We also had, as I told you, at the time that the scene was processed, there was no evidence of blood, so there was no evidence about blood, Michael Hoskins' blood. But we also didn't have a motion picture of the crime, and that would have been the best thing of all, because we then wouldn't even have needed to have the trial.

But you'll recall what we did have for you—and we had eight witnesses.

This argument and its connotations must be considered in the context of the trial. In his opening statement, the prosecutor noted that the scene had been processed and that no fingerprints of value had been found. He also observed that no blood samples were found.

During cross-examination of the State's witnesses, defense counsel had elicited responses that informed the jury a police "lab" technician was present at the scene and checking for fingerprints. The defense also attempted to show he was examining for blood samples at the scene, but an objection was sustained; however, the witness did admit he did not know whether blood stains were present at the scene. It thus appears that prior to the argument the jury's attention had been directed to the absence of any evidence of fingerprints or blood stains linking the defendant to the scene of the crime.

Although ineptly verbalized, the argument simply reflects what the jury must have already known, that the State did not present any evidence by fingerprint or blood sample to link defendant to the offense. Defendant argues that the prosecutor's statement gives rise to the inference that fingerprints of defendant found at the scene existed. This argument is buttressed by quoting only a portion of the prosecutor's statement, "the fingerprints which were actually prints of Michael Hoskins—." Out of its context, this might support the inference defendant seeks to draw. In the context of the trial and the argument as made, it does not. The remarks of a prosecutor when ambiguous or less than crystal clear do not require a court to lightly infer the most damaging possible meaning. *Donnelly v. DeChristoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *State v. Neal*, 526 S.W.2d 898, 903 (Mo.App.1975).

A mistrial is a drastic remedy within the discretion of the trial court and should not be granted unless prejudice cannot be removed by other means. *State v. Charles*, 542 S.W.2d 606 (Mo.App.1976); *State v. Lacy*, 548 S.W.2d 251, 252 (Mo.App.1977). The trial judge instructed the jury to disregard the statement of the prosecutor. Whether anything more was required to remove any prejudice was a matter within the discretion of the trial court, and this court should not interfere unless an abuse of discretion is shown. *State v. Wright*, 515 S.W.2d 421, 432 (Mo. banc 1974).

For statements made in argument to be reversible error, they must be plainly unwarranted and clearly injurious. *State v. Hutchinson*, 458 S.W.2d 553, 556 (Mo. banc 1970).

The judgment and conviction are affirmed.

All concur.