**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William T. ALEXANDER,
Defendant-Appellant.**

No. 40402.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 18, 1979.

Application to Transfer Denied
June 19, 1979.

Robert C. Babione, Public Defender, Sara T. Harmon, Asst. Public Defender, St. Louis, for defendant-appellant.

Paul Robert Otto, Steven Scott Clark, Asst. Attys. Gen., John D. Ashcroft, Atty. Gen., Jefferson City, John P. Dockery, Jr., George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury for the offense of stealing property of a value of at least $50.00. (§§ 560.156, 560.161, RSMo 1969). Under the Second Offender Act the court assessed his punishment at seven years imprisonment. On appeal, defendant first contends that the trial court erred in failing to sustain his motion for judgment of acquittal at the close of the evidence, because there was insufficient evidence to make a submissible case.

On August 20, 1977, at approximately 9:30 a.m., James C. Hudson parked his 1977 Cadillac in the Famous-Barr parking garage in downtown St. Louis. All four hubcaps were on the wheels of the vehicle when Mr. Hudson left it.

Officer Thomas Grojean of the St. Louis Police Department was on foot patrol in the garage approximately one hour later. While on the Orange level with the garage manager and a security guard, a passerby recommended that the officer proceed down to the Tan level. There Officer Grojean observed the defendant and another man walking south up the parking ramp carrying four Cadillac hubcaps. While Officer Grojean was observing the defendant, defendant placed the hubcaps on the ground and continued walking south until he was detained by a security guard. The officer testified that, at the time of defendant's arrest, he observed that a 1977 Cadillac twenty feet north of where the defendant was seen with the hubcaps, was without hubcaps.

Hudson returned to his parked car in the early afternoon, and discovered that all four hubcaps were missing from the wheels. Upon informing the parking attendants of the situation, he was referred to the police station where he identified and received the hubcaps as his own. Mr. Hudson testified that these chrome-spoke wheel covers, characteristic of a 1977 Cadillac Sedan, were worth $104.00 each. On cross-examination, he testified that the hubcaps had no marks on them identifying them as his, but that they were similar to those which had been on his car.

■ We now consider whether this evidence was sufficient to make a submissible case for the jury. In making this determination, we consider as true the evidence most favorable to the state and all favorable inferences to be drawn therefrom, disregarding evidence to the contrary. *State v. Nichelson*, 546 S.W.2d 539[3] (Mo.App. 1977).

■ A submissible case may be made on circumstantial evidence, but to warrant a conviction based on such evidence, the facts and circumstances must be consistent with the hypothesis of guilt, be inconsistent with the hypothesis of innocence, and clearly point to the accused's guilt so as to preclude any reasonable hypothesis of innocence. However, the circumstances need not demonstrate an absolute impossibility of innocence. *State v. Maxie*, 513 S.W.2d 338, 343[5] (Mo.1974); *State v. Scruggs*, 551 S.W.2d 306[6] (Mo.App.1977). Defendant's conduct after the offense is a circumstance from which defendant's participation in the crime may be inferred. *State v. Nichelson*, supra.

■ Defendant claims that to arrive at its verdict the jury had to rely on prohibited inference-stacking. "An inference may not properly arise which is 'dependent for establishment of one fact upon inference to be drawn from some other fact shown only by inference'." *State v. Gonzales*, 533 S.W.2d 268[4] (Mo.App.1976). However, this prohibition does not apply to drawing several inferences from the same proven

facts if each inference is supported thereby. *State v. Feger*, 340 S.W.2d 716, 722 (Mo. 1960). Nor is an inference based in part upon another inference and in part upon proven facts prohibited, because it is a parallel inference provided it is a reasonable conclusion for the jury to deduce. *State v. Holman*, 556 S.W.2d 499 (Mo.App.1977).[1]

We cannot agree that the evidence as submitted to the jury required it to pile one inference upon another inference in reaching its verdict. The jury had before it the following evidence:

1. At 9:30 a. m., when Hudson left his automobile, the four hubcaps were on it.

2. One hour later, the hubcaps were gone, and twenty feet from the automobile, the defendant was carrying hubcaps shown to be similar to Hudson's.

3. When defendant noticed the onlooking police officer he immediately put down the expensive hubcaps and continued on.

█ From this evidence a jury could reasonably infer that defendant had stolen the hubcaps. Furthermore, the verdict could be reached without relying on inferences arising solely from other inferences. From the fact that the hubcaps were in place at 9:30 a. m. and missing soon after, the inference arises that they were stolen. From the facts that defendant was carrying four hubcaps of the type missing and that he abruptly set the hubcaps down upon detecting a nearby police officer, all approximately 20 feet from the vehicle without hubcaps, arises the reasonable inference that defendant had stolen these items from that vehicle. To consider and base a verdict on the collective impact of these parallel inferences, each supported by testimonial evidence, is not inference stacking. Although relying on circumstantial evidence, the state made a submissible case.

█ We also reject defendant's second point wherein he alleges prejudicial error in the admission into evidence of a screwdriver. A security guard found the screwdriver approximately fifteen feet south of where the hubcaps had been laid. It was under another car. Defendant claims that there was no showing by the state as to any connection between the screwdriver and him or the offense.

In *State v. Rains*, 537 S.W.2d 219 (Mo. App.1976), the defendant objected to the admission of a screwdriver found approximately 60 feet from the building burglarized in the general direction in which the burglar had made his escape. There was evidence that a metal door had pry marks on it. An officer compared the marks on the door and those on the screwdriver and found them comparable. However, on cross-examination he testified that there *was no way* he could *positively* say that the screwdriver was the one used. The Court said in rejecting defendant's contention at page 225:

> Testimony concerning any physical object connected with a crime tending to show the manner in which the crime occurred may be admitted into evidence, and this rule of evidence has a special application when the articles, instruments, or weapons indicative of the crime are found near the scene of the crime subsequent to the commission of the crime upon the theory they may tend to explain the crime, although not otherwise connected with the accused . . . [Citations omitted.]

Also see *State v. Champion*, 560 S.W.2d 903 (Mo.App.1978), wherein an unconnected screwdriver and comb were admitted into evidence. They were found in the burglarized home. Our court found the screwdriver admissible, and then stated that the admission of the comb, if error, was only harmless error in view of the circumstances.

As in *Rains*, we believe the screwdriver was admissible when considering the time found, and its proximity to the auto without hubcaps and the location where defendant deposited the hubcaps.

Affirmed.

GUNN and CRIST, JJ., concur.

---

1. Read *State v. Ashcraft*, 342 Mo. 608, 116 S.W.2d 128 (Mo.1938) at page 132 for a good discussion of inference stacking.