STATE of Missouri, Respondent,

v.

Charles David PATTERSON, Appellant.

No. 62995.

Supreme Court of Missouri,
Division No. 2.

Nov. 10, 1981.

Motion for Rehearing or Transfer to
Court En Banc Overruled Dec. 8, 1981.

Ronald R. McMillin, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Thomas G. Auffenberg, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD Commissioner.

Charles David Patterson, appellant herein, was found guilty by a jury of carrying a concealed weapon in violation of § 571.115 RSMo 1978, and punishment was assessed at imprisonment for four years. Following the procedures outlined in § 558.021 RSMo 1978, the trial court found defendant to be a persistent offender within the meaning of § 558.016 RSMo 1978, and imposed a sentence of an additional four years imprisonment or a total of eight years.

■ Appellant challenges the sufficiency of the evidence, and specifically asserts there was "no substantial evidence that the firearm was within easy reach and convenient control." In determining the sufficiency of the evidence we consider as true the evidence most favorable to the State together with all favorable inferences to be drawn therefrom, and we disgard all evidence to the contrary. *State v. Alexander,* 581 S.W.2d 389 (Mo.App.1979); *State v. Achter,* 514 S.W.2d 825 (Mo.App.1974). Applying this standard, a jury reasonably could find the following facts from the evidence.

Rex Owens, a Jefferson City policeman, observed appellant at approximately 3:30 o'clock in the morning of September 29, 1979 sitting in the driver's seat of a pickup truck which was parked on a well lighted service station lot. There were four or five persons around or near the truck all of whom were drinking. Appellant appeared to be handling a firearm. Officer Owens parked his patrol car across the street in a dark area and viewed the group through binoculars for approximately forty-five minutes. Appellant permitted the others to handle the weapon, each of whom returned it to appellant after handling it. Officer Owens observed that as appellant was preparing to leave he "bent down and appeared to have pushed it [the weapon] under the seat, or laid it in the floorboard." He could not see the floorboard because the door to the truck was closed. As appellant drove away Officer Owens followed him,

radioed for assistance, and eventually stopped the truck. He ordered appellant to get out and then searched the truck. He found a loaded "sawed-off .410 shotgun" directly beneath the driver's seat where appellant had been sitting. The officer could not see the gun without reaching in and taking it out from under the seat. We do not know the length of the sawed-off barrel or the condition or type of stock, but the gun was introduced in evidence and was viewed by the jury and the court. It has not been lodged with this Court as an exhibit.

Keith Gove was the owner of the truck appellant was driving when arrested. He testified that the sawed-off shotgun was not his and that it belonged to appellant. He further testified that appellant had placed the gun in the truck about nine o'clock the previous evening when he loaned the truck to appellant. Gove was present at the parking lot when appellant was displaying the gun, and when appellant left, according to Gove, "He placed it underneath the driver's seat, in the front seat of the pickup on the driver's side."

Appellant testified that he did not have the gun with him when he was on the parking lot, and that he did not place the gun under the driver's seat of the truck. He offered no explanation for its presence.

■ A person is guilty of violating § 571.115 when he carries "concealed upon or about his person" a dangerous or deadly weapon of any kind or description. The jury could reasonably find that the sawed-off shotgun was placed by appellant upon the floor of the truck directly under the driver's seat, that it could not be seen by a person outside the truck, and that its presence was not discernible by ordinary observation. Therefore, it was concealed. *United States v. Nygard*, 324 F.Supp. 863 (1971); *State v. Crone*, 399 S.W.2d 19 (Mo.1966); *State v. Achter*, supra; *State v. Pruitt*, 556 S.W.2d 63 (Mo.App.1977). Whether the weapon is concealed on or about the person as forbidden by the statute is determinable by whether it is in such close proximity to the accused so as to be within his easy reach

and convenient control. *State v. Conley*, 280 Mo. 21, 217 S.W. 29 (1919); *State v. Cole*, 527 S.W.2d 646 (Mo.App.1975).

■ Appellant contends that there is no substantial evidence that the shotgun, while under the driver's side of the front seat of the truck, was within his easy reach and convenient control. Admittedly, there is no direct testimony to that effect, but as previously noted, in determining the sufficiency of the evidence the State is entitled to all favorable inferences that may be drawn from the evidence. The evidence shows that by bending down while sitting in the driver's seat appellant was able to place the shotgun under the seat, and it is a reasonable inference that if he could easily do that, then while the weapon was so placed it was within his easy reach and convenient control. In addition, the shotgun was introduced in evidence. By reason of its observation of the weapon and its common knowledge of the construction of seats in pickup trucks, the jury could determine whether a weapon located under the seat of the truck was within easy reach of a person sitting in the driver's seat. In *State v. Bordeaux*, 337 S.W.2d 47, 49 (Mo.1960), it was stated that "The fact that the defendant was able to reach the gun while continuing to drive his automobile" demonstrated that it was "upon or about his person," which meant that it was within easy reach and convenient control. In this case, the same result is reached from the fact that appellant could easily place the weapon under the driver's seat while sitting in that seat. Appellant's challenge to the sufficiency of the evidence is without merit.

Appellant also asserts the trial court erred in overruling his motion to suppress evidence and in admitting into evidence the sawed-off shotgun because "it was the fruit of an unlawful search and seizure." The only witness at the hearing on the motion to suppress was Officer Owens who testified as previously set forth.

■ This case is governed by the rule announced in *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970),

where it was stated that " 'because of their mobility, [automobiles] may be searched without a warrant upon facts not justifying a warrantless search of a residence or office' " and that " 'The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' " See *State v. Smith*, 462 S.W.2d 425 (Mo. 1970), and *State v. Edmonds*, 462 S.W.2d 782 (Mo.1971). It is true that "probable cause" means more than mere suspicion, but it does exist "where the facts and circumstances within the knowledge of the seizing officers, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed or that the contents of the automobile offend against the law." *State v. Hornbeck*, 492 S.W.2d 802, 805 (Mo.1973). When Officer Owens observed appellant bend down and place the shotgun where it "appeared [to him] to be beneath the front seat that [appellant] was sitting in," he, as a person of reasonable caution, was justified in the belief that an offense was being committed. The test is not whether he was right or wrong in his belief, but whether his belief was reasonable under the facts and circumstances, and it clearly was in this case. Therefore, Officer Owens was authorized to stop the truck and search it. The trial court properly overruled appellant's motion to suppress evidence.

Appellant next asserts that the trial court erred in overruling his motion for a new trial because the cumulative effect of statements by the prosecutor during closing argument deprived him of his right to a fair and impartial trial. No objection to the statements was made at the time. Therefore, they are reviewable only as constituting "plain error" within the meaning of Rule 29.12(b).

Appellant makes reference in his brief to the three following incidents which occurred during closing argument.

a. In reference to the weapon, the prosecutor stated: "It is an illegal type of weapon, a sawed-off shotgun."

b. In relating what appellant did with the shotgun, the prosecutor stated: "And where was this gun? Right between his feet, real quick and easy to get to * * *." At another time he said: " * * * he put it down there between and under his feet."

c. The prosecutor said: "You all know his record. He has been in the penitentiary three different times. So I will let you make your determination of who is telling the truth there, whether he was carrying a concealed weapon or not," and "I ask you to put him in prison, back in prison * * *." Appellant asserts that these references to prior convictions were made to enhance punishment "although sometimes disguised as attacks on credibility."

Under Rule 29.12(b) an appellate court may correct "plain error" which results in "manifest injustice or miscarriage of justice." As stated in *State v. Murphy*, 592 S.W.2d 727, 732 (Mo.banc 1979). "The rule does not cover all trial error, should be exercised sparingly, cannot be used as a vehicle for review of every alleged trial error which is not asserted or preserved for review, and is limited in its application to cases where there is a manifestation and showing that injustice or miscarriage of justice results if the rule is not invoked." It was further stated, it being particularly appropriate to the facts of this case, that "Ordinarily, alleged errors on closing argument do not justify relief under this standard unless they are determined to have a decisive [affect] on the jury." See also *State v. Davis*, 566 S.W.2d 437 (Mo.banc 1978), and *State v. Collins*, 520 S.W.2d 155 (Mo.App.1975).

It was immaterial whether the weapon was an "illegal type." The offense was committed in either event. Also, when the prosecutor stated that the shotgun was "right between his feet," while contrary to the evidence, that tended to disprove concealment and was favorable to appellant. Next, the statement concerning pre-

vious crimes was clearly directed to credibility. A reasonable interpretation of the statement that "I ask you to put him in prison, back in prison, as a matter of fact, as defense attorney says," is that it constituted a request to find the defendant guilty.

In our review we are not required to accept the most damaging possible meaning of an equivocal statement made in argument, *State v. Hoskins*, 569 S.W.2d 235 (Mo.App.1978), but we consider the argument as a whole. When so considered we have no hesitancy in concluding that the statements did not have a decisive affect on the jury and that no manifest injustice occurred in this case.

Appellant's final point is that § 571.-115 is unconstitutional because it "unreasonably exempts from its proscription 'persons traveling in a continuous journey peaceably through this State,' in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Constitution of Missouri * * *."

This precise contention was ruled in *State v. Horne*, 622 S.W.2d 956 (Mo.1981). Reference is made to the opinion in that case, and the rationale need not again be set forth here.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

WELLIVER, P. J., and HIGGINS, J., concur.

SEILER, J., concurs in result.

JAMES K. PREWITT, Special Judge, concurs in separate concurring opinion filed.

JAMES K. PREWITT, Special Judge, concurring.

I concur in the principal opinion with one exception. In the discussion of appellant's contention that the shotgun should not have been admitted in evidence because it was taken by an illegal search and seizure, the opinion suggests that probable cause existed that an offense was being committed. I do not agree. The officer testified that appellant bent over and appeared to place the gun either under the seat or in the floorboard. Presumably in the latter situation it would not have been concealed. I think this indicates no more than a 50 percent possibility that a crime was committed and probability would require more than that. I believe that a reasonable man would not believe that it was probable that a crime was being committed but only that it was a possibility.

I concur in the result because I believe that lack of probable cause does not always make a search and seizure "unreasonable" under the Fourth Amendment of the United States Constitution. Probable cause is not expressly required by the Fourth Amendment and the cases do not seem to require it in a situation such as this. Reasonableness of the action seems to be the criteria. See *Brown v. Texas*, 443 U.S. 47, 50–52, 99 S.Ct. 2637, 2640–41, 61 L.Ed.2d 357 (1979); *United States v. Brignoni-Ponce*, 422 U.S. 873, 880–882, 95 S.Ct. 2574, 2579–81, 45 L.Ed.2d 607 (1975). See also *Ybarra v. Illinois*, 444 U.S. 85, 92–94, 100 S.Ct. 338, 343–44, 62 L.Ed.2d 238 (1979). A "reasonable suspicion" of criminal conduct is sufficient for this type of search and seizure. *Brown v. Texas*, supra; *United States v. Brignoni-Ponce*, supra; *Adams v. Williams*, 407 U.S. 143, 145–146, 92 S.Ct. 1921, 1922–23, 32 L.Ed.2d 612 (1972); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also Annot., Law Enforcement Officer's Authority, Under Federal Constitution, to "Stop and Frisk" Person—Supreme Court Cases, 32 L.Ed.2d 942, 946 (1973).

Justice Harlan concurring in *Terry v. Ohio*, supra, 392 U.S. at 31–32, 88 S.Ct. at 1885, stated:

"If the State of Ohio were to provide that police officers could, on articulable suspicion less than probable cause, forcibly frisk and disarm persons thought to be carrying concealed weapons, I would

**16**

have little doubt that action taken pursuant to such authority could be constitutionally reasonable. Concealed weapons create an immediate and severe danger to the public, and though that danger might not warrant routine general weapons checks, it could well warrant action on less than a 'probability.' "

Although I think that less than probable cause was present here, I believe that the officer's actions were properly based on a reasonable suspicion that a criminal violation was occurring.