STATE of Missouri, Respondent,

v.

Winston SHAW, Appellant.

No. 45188.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 15, 1983.

Stephen C. Banton, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Appeal from a jury conviction of carrying a concealed weapon. Defendant was sentenced to five years imprisonment. We affirm.

Defendant asserts State failed to make a submissible case. Section 571.115, RSMo 1978 (repealed 1981) states one is guilty of the crime of carrying a concealed weapon if one carries, concealed, upon or about his person, a dangerous or deadly weapon of any kind or description.

"A *prima facie* case [of carrying a concealed weapon] is made when the State's evidence or reasonable inferences therefrom demonstrate a) the carrying of a dangerous or deadly weapon, b) concealed on or about the person, c) along with an intent to so conceal." *State v. Achter*, 514 S.W.2d 825, 827 (Mo.App.1974).

The State's key witness was the arresting officer. The officer testified he observed the defendant sitting in the front passenger seat of a car. As he approached the car he saw the defendant reach forward between his legs directly beneath him. The arresting officer stated he believed the defendant was attempting to conceal or retrieve something from under the seat. When the officer reached into the car and under the seat in the same location where the defendant had been groping, the officer removed a sawed-off, twelve-gauge, semi-automatic Remington shotgun. There was nothing else under the car seat on the passenger side. The officer testified he could not see the weapon prior to retrieving it from under the seat, and it was fully concealed from his view.

■ Applying the law to the facts in evidence in this case, we find that each of the requisite elements of the crime has been satisfied. First, the State introduced into evidence a sawed-off shotgun which is most assuredly considered a dangerous weapon. Second, the police officer testified he found the gun underneath the passenger seat of

the car, and he could not see the weapon prior to removing it from under the seat. Hence, the weapon was "concealed" within the meaning of the statute. *State v. Patterson,* 624 S.W.2d 11, 13 (Mo.1981).

The concealment "on or about the person" requirement turns on whether the weapon is "in such close proximity to accused so as to be within his easy reach and convenient control." *Id.* The police officer testified he was initially alerted to the weapon when he observed the defendant attempt to place or retrieve an object from beneath the seat. Thus, the weapon was close enough to the defendant so as to be considered within his control. *Id.*

Finally, the requisite intent is derived circumstantially from the act of concealment as testified to by the arresting officer. *State v. Achter,* 514 S.W.2d 825, 827 (Mo.App.1974). Having presented evidence on each element of the offense, the State made a submissible case of carrying a concealed weapon. § 571.115, RSMo 1978 (repealed 1981).

Defendant contends the court erred in not ordering a mistrial when the State introduced evidence and testimony of a gun held by the driver of the car in which the defendant was riding. The record shows the gun was marked by the court-reporter for identification. One police officer testified, without objection, he and another officer were pursuing the car in which the defendant and driver rode. After a short pursuit, the driver stopped the car, got out, dropped a revolver on the ground and then fled from the scene on foot. Thereafter, out of the hearing of the jury, defense counsel objected to the introduction of the revolver into evidence. The trial court sustained the objection and instructed the jury to disregard the testimony of the police officer with regard to the presence of the revolver at the scene.

After this police officer had testified, a second police officer, in response to the question "[w]hat, if anything, occurred then?" said:

The Chevrolet suddenly came to a stop at the mouth of the alley right at Dr. King Drive. The driver opened the door, stepped from it, and he removed a .22 caliber revolver from under his jacket on his left side.

Whereupon defendant's lawyer objected and asked that it be stricken. The trial court sustained the objection, struck the testimony and asked the jury to disregard it.

The testimony about the revolver was not suggested by the question asked. No additional relief was requested by defense counsel. Defendant received all the relief requested by his lawyer at trial, and he cannot now claim error on appeal on the basis of the court's failure to grant a mistrial. *State v. Cissna,* 510 S.W.2d 780, 781 (Mo. App.1974).

At the time the defense counsel objected to the introduction of the revolver into evidence, the jury had already heard the evidence about the revolver, and without objection. When the matter of the introduction of the revolver into evidence was called to the attention of the trial court, the trial court refused its admission and instructed the jury to disregard the previous testimony. When the second officer mentioned the revolver, the jury was again instructed to disregard the testimony about the revolver. Under these circumstances, the mention of the excluded testimony concerning the companion's revolver did not prejudice the defendant. *State v. Camper,* 391 S.W.2d 926 (Mo.1965).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.