**STATE of Missouri, Respondent,**

v.

**Loril William HARP, Appellant.**

**No. 48047.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 30, 1984.

**298**

Fred Roth, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Loril William Harp, was convicted by a jury of carrying a concealed weapon, § 571.030, RSMo (Supp.1983), and sentenced by the court to a fine of $500. On appeal defendant claims that (1) the weapon in question was seized as a result of an illegal search; (2) the State failed to make a submissible case; and (3) a mistrial should have been declared because of improper closing argument by the prosecutor. Finding no reversible error, we affirm.

The record, viewed in the light most favorable to the verdict, disclosed that on March 10, 1982, at about 8 p.m., two St. Louis County police officers were riding in their patrol car when they saw defendant's automobile leave the traveled portion of the highway. The officers, Ted Zinselmeier and Alan Eickhoff, followed the automobile until it exited the highway and then signaled the driver to stop. As the automobile was stopping, the driver, who was the defendant, reached toward the glove compartment while the passenger slid down in the seat.

After Officer Zinselmeier and the defendant exited their respective automobiles, Zinselmeier advised the defendant that he had been stopped for "failure to drive within a single lane," a traffic violation. When the officer asked the defendant if he had a weapon on his person or in the automobile, the defendant replied that he had a .45 caliber automatic pistol in the glove compartment of his automobile, but that he did not recall whether the pistol was loaded.

Both the defendant and his passenger were arrested. Officer Zinselmeier then searched them and the automobile. Two .45 caliber bullets were found in the pants pocket of the passenger. Some .357 caliber ammunition, which would not fit a .45 caliber weapon, was found in the ashtray of the defendant's automobile. The officer removed the key from the ignition, unlocked the glove compartment, and removed an unloaded .45 caliber automatic pistol. An empty clip for the pistol was found on the floorboard of the automobile.

The defendant admitted ownership of the weapon, stating that he carried it for protection. He testified at trial and denied making any movement toward the glove compartment. He stated that Officer Zinselmeier searched the automobile without asking about guns. He also denied knowledge of the .45 caliber ammunition found in his passenger's pants pocket.

■ Defendant first contends that the trial court should have suppressed physical evidence, namely the gun, because of an illegal search and seizure. This point has not been properly preserved for appeal. The defendant filed a pre-trial motion to suppress but failed to object to the introduction of the gun into evidence. To preserve the issue of the validity of a search and the admissibility of evidence found by that search, the defendant "must not only file a motion to suppress the controverted evidence, but also keep the question alive by timely objection, and by preservation of issue in his motion for new trial." *State v. Felton,* 558 S.W.2d 390, 391 (Mo.App.1977). Our review of the defendant's contention under plain error, Rule 30.20, discloses no error, plain or otherwise.

■ The search of the glove compartment of the car was reasonable. The officers had a valid reason to stop defendant's automobile, because of the traffic violation. In the process of stopping the defendant's car, the police saw the defendant reach toward the glove compartment. There was evidence that the defendant told the police officer that there was a weapon in the glove compartment. These facts are sufficient to constitute probable cause for the search. The fact the defendant was cooperative and the fact there had been no reports of felonies in the area are not relevant.

■ The validity of the search here does not have to depend on the right to arrest. It is dependent on the reasonable cause the officer had for believing the contents of an automobile "offend against the law." *State v. Patterson,* 624 S.W.2d 11, 14 (Mo. 1981). Automobiles, because of their mo-

bility, can be searched without a warrant in cases not justifying a warrantless search of a house or office. *Id.,* citing *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The officer here had probable cause to look for the weapon, because of the defendant's suspicious movements and his statement that there was a gun in the glove compartment. The defendant's first point is denied.

■ Defendant's next contention is that the State failed to establish a submissible case of carrying a concealed weapon under § 571.030, RSMo (Supp.1983). He contends the State failed to establish the weapon was within his easy reach and convenient control and that it failed to establish the weapon was readily accessible to him. "Whether the weapon is concealed on or about the person as forbidden by the statute is determinable by whether it is in such close proximity to the accused so as to be within his easy reach and convenient control." *Patterson,* 624 S.W.2d at 13; *State v. Baker,* 637 S.W.2d 392 (Mo.App.1982).

Neither side cites to a case with facts similar to the present case. Defendant cites *State v. Bordeaux,* 337 S.W.2d 47 (Mo.1960), where the standard of the statute was met by the fact the defendant could reach the gun while continuing to drive his automobile. Defendant also cites to *State v. Turnbough,* 604 S.W.2d 742, 745 (Mo.App.1980), where the State met the standard of accessibility by showing the defendant was able to retrieve a weapon "in a short time without exiting the car." These are but instances where the standard was met and are not standards in themselves.

Defendant claims that because the glove compartment was locked and the key for the glove compartment was on a key ring with the ignition key, in the ignition, the gun was not readily accessible. However, there is evidence to show the defendant had turned the engine off after being pulled over to the side of the road. This would give him access to the key, and then the glove compartment, and ultimately the gun. The State offered evidence showing

it would take but a few seconds to take the keys from the ignition and gain access to the gun.

Defendant also claims the State failed to show the ammunition was readily accessible and that the defendant knew it was readily accessible. The only .45 caliber bullets found were in the trouser pocket of the defendant's passenger. There was a clip found empty on the floorboard. Considering that the officers viewed the passenger sliding down in his seat and the defendant reaching toward the glove compartment in the process of pulling over, it is a reasonable inference that the defendant knew the passenger had the .45 caliber bullets and that they were readily accessible. The defendant's second point is denied.

Defendant's final contention is that the trial court erred in overruling defendant's motion for a mistrial after the prosecutor twice in closing argument stated it was incumbent upon the jurors to "vindicate" the police officers who had testified.[1] Defendant claims the argument was calculated to intimidate the jury in that failure to believe the officers' testimony would reflect badly on their performance as jurors and would prejudice the officers in performance of their duties, and that the comment was designed to intimidate the jury by suggesting adverse consequences to them if they should acquit the defendant.

"Mistrial is a drastic remedy, to be granted only with the greatest caution and in extraordinary circumstances." *State v. Lee*, 654 S.W.2d 876, 879 (Mo. banc 1983). "Broad discretion rests with the trial court in the control of closing argument, with wide latitude accorded counsel in their summations.... A conviction will be reversed for improper argument only if it is established the complained of comments had a decisive effect on the jury's determination." *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied*, 459

U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982).

Within the broad limits of closing argument is the right of the prosecutor to comment on "the credibility of witnesses from the state's viewpoint." *State v. Cage*, 452 S.W.2d 125, 130 (Mo.1970). The court in *Cage* held it was not prejudicially improper for the prosecutor to comment: " 'Either he is guilty of possession of a stimulant drug or they [the police] are guilty of perjury.' " 452 S.W.2d at 130.

In the present case, the prosecutor's remark that the jury had to "vindicate" the police officers was an argument supporting the credibility of the State's witnesses. The prosecutor was merely asking that the jury believe his witnesses rather than the defendant. While the prosecutor's use of the word "vindicate" is not beyond criticism, his argument was well within the broad perimeters of permissible closing argument. There is nothing in the record to support defendant's contention that the prosecutor's comment was designed to intimidate the jury by suggesting adverse consequences to them if they should acquit the defendant.

We therefore hold that the trial court did not abuse its discretion in failing to grant the drastic remedy of a mistrial. The defendant's third point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.

---

1. The prosecutor said:

   The law enforcement system is like a chain and every link has been—ends up to you, you're the last link.

   *Now it's a ponderous and heavy duty and it's one that I would not willingly put on anyone* unless they assented to it and you have by being jurors here. If this chain is to be completed you have to come back here and vindicate these officers....

   These officers who have done their jobs here, you must vindicate them.