STATE of Missouri, Respondent,

v.

**Von E. NEBBITT, Appellant.**

No. 50717.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 15, 1986.

Henry B. Robertson, Holly G. Simons, St. Louis, for appellant.

William L. Webster, Atty. Gen., Paul LaRose, Asst. Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Von E. Nebbitt (defendant) appeals from a jury conviction of § 571.030.1, RSMo (1984), unlawful use of a weapon. The trial court sentenced defendant to five years' imprisonment. On appeal, defendant asserts there was insufficient evidence to convict because there was no evidence a pistol found under the dashboard of a car in which defendant was riding was intentionally concealed "on or about" defendant's person. We affirm.

The underlying facts in this case are not disputed. St. Louis City Police Officer Melchior was on patrol in the early morning hours of February 19, 1985, when he noticed a car matching the description of a wanted vehicle. Officer Melchior activated the lights and siren on his police car and began chasing the suspect car. The chase reached speeds of seventy miles per hour. During the chase, Officer Melchior observed a passenger in the front seat of the car (identified as defendant) bending and ducking down. With the assistance of fellow police officers, Officer Melchior finally apprehended the car and its four occupants.

As Officer Melchior approached the vehicle, he observed defendant bending down in the front seat, appearing to be hiding something under the glove compartment. Officer Melchior testified defendant's hands were near the dashboard. Officer Melchior notified an Officer Kowalski of his observations, and this officer looked into the front seat area of the car. He observed a piece of felt with a cardboard backing hanging down from under the glove compartment. Officer Kowalski pulled on the piece of felt and a loaded pistol fell to the floor. A more extensive search of the dashboard area, which included removing a section of the dashboard, revealed two other loaded pistols. When arrested, defendant was wearing a bulletproof jacket.

Defendant was charged with three counts of violating § 571.030.1, RSMo (1984), unlawful use of a weapon. This statute provides, in pertinent part:

1. A person commits the crime of unlawful use of weapons if he knowingly:

(1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use;

\*     \*     \*     \*     \*     \*

The jury convicted defendant of the first count of unlawful use of weapons, relating to the pistol found by pulling on the piece of felt. The jury acquitted defendant on counts two and three, relating to the two other pistols found under the dashboard after further examination by Officer Kowalski.

In his sole point on appeal, defendant asserts there was insufficient evidence to convict, in that there was no evidence from which the jury could find or infer the pistol was "intentionally concealed on or about the defendant." We disagree.

We initially note that in determining the sufficiency of the evidence to convict, we view the evidence in the light most favorable to the State, giving it the benefit of all favorable inferences, and we disregard evidence to the contrary. *State v. Patterson,* 624 S.W.2d 11, 12 (Mo.1981).

The test used to determine whether a weapon is concealed "on or about a person" is whether the weapon "is in such close proximity to the accused so as to be within his easy reach and convenient control." *Patterson,* 624 S.W.2d at 13. In the present case, we believe the State presented sufficient evidence the first gun found by Officer Kowalski was within defendant's easy reach and control. Police officer Melchior testified he saw defendant, in the front passenger seat, bending down and appearing to be hiding something under the glove compartment. Officer Kowalski found the first gun by simply pulling on the piece of felt he observed under the dashboard. There was no question defendant occupied the passenger side of the front seat, directly facing the glove compartment. From this evidence, the jury could reasonably find that the defendant intended to conceal the weapon under the

dash, and that the pistol was within the "easy reach and convenient control" of defendant. *See State v. Shaw,* 647 S.W.2d 612, 614 (Mo.App.1983).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.