**STATE of Missouri, Respondent,**

v.

**Floyd V. JACKSON, Appellant.**

**No. 40122.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 1, 1979.

---

Robert C. Babione, Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant Floyd V. Jackson appeals from a conviction by a jury for the offense of stealing property of the value of at least $50. Under the Second Offender Act defendant was sentenced by the court to four years imprisonment.

Defendant contends that the court erred in two respects: 1) That there was not substantial evidence of value to submit the issue of stealing property of the value of at least $50 to the jury; or, 2) the court should have given an instruction on the lesser and included offense of stealing property valued at less than $50. We find these issues against the defendant and affirm.

The evidence showed that defendant removed a leather jacket from a rack at the downtown St. Louis Famous-Barr. He folded it, placed it under his topcoat and started to leave. When approached by a security officer he threw the coat down. This particular jacket had been ear-marked as "damaged" and was slated for return to the manufacturer for replacement or future credit. The only evidence concerning the value of the coat was the testimony of Mr. Jack DeLargy, the buyer of men's outerwear at Famous-Barr.

Mr. DeLargy testified that the retail price of this jacket was $160. He further testified that the cost of this particular coat to Famous-Barr was $88.89, less a ten percent discount for payment made within 30 days, bringing the actual cost down to $80. Mr. DeLargy testified to the practice of returning damaged merchandise to the manufacturer for replacement or credit against future purchases. It appears that the only damage to the coat was either a slight scratch or a wrinkle.

Evidence of both retail price and wholesale cost are relevant in determining fair market value. *State v. Carter*, 544 S.W.2d 334[7] (Mo.App.1976). In this case where the coat was damaged, it was proper to allow evidence of the amount of loss to the owner in establishing its value. *State v. Matzker*, 500 S.W.2d 54[9–11] (Mo.App. 1973). In this case, the owner lost $80, the replacement cost, either in a replaced coat or credit on future purchases. The court properly instructed the jury as to the charge of stealing property of at least $50.

Since all of the evidence in this case relating to value is that it exceeded $50 there was no requirement that the court instruct on stealing property of a value of less than $50. *State v. Thornton*, 557 S.W.2d 1[3] (Mo.App.1977).

Affirmed.

GUNN and CRIST, JJ., concur.