**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ronald W. ROBERTS,
Defendant-Appellant.**

**No. 11259.**

Missouri Court of Appeals,
Southern District.

Jan. 18, 1980.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Albert Crump, Jr., Asst. Public Defender, Rolla, for defendant-appellant.

GREENE, Judge.

Defendant Ronald Wayne Roberts was jury-convicted of the crime of robbery in the first degree, § 560.120, RSMo 1969, V.A.M.S., and thereafter sentenced by the trial court to five years' imprisonment for such offense. No motion for new trial preceded the judgment and sentence. This appeal followed.

The relevant evidence most favorable to the verdict adduced at trial was as follows. The victim, Michael T. Williams, met defendant and Gail S. Kinworthy at Jody's Cafe, located in Waynesville, Missouri. Williams had not known either of them

previously. Williams inquired as to whether they knew of a motel where he could spend the night. Defendant and Ms. Kinworthy offered Williams a ride to a motel, which the victim accepted.

After riding around 15–20 minutes, the defendant struck Williams several times in the face and demanded his money. The victim, in fear of further injury, delivered his wallet to defendant. The wallet contained traveler's checks and other items. The victim was then searched at knife point, and approximately $10 was removed from his pockets by Ms. Kinworthy. Defendant threatened to kill Williams if he told the police about the robbery. Williams was then released.

Williams contacted the police and reported the robbery. He described defendant as a large man with big feet. The woman was wearing jeans, had long black hair, and had an unusually wide watchband. He also gave the police a description of the automobile defendant was driving, which turned out to be a 1970 blue Plymouth. Defendant and Ms. Kinworthy were arrested within a few hours of the robbery. Williams identified them as his assailants and identified the Plymouth automobile, found by police near the scene of the arrest, as the car used by defendant. The victim's wallet was found in the automobile.

At trial, Ms. Kinworthy and defendant both testified. Ms. Kinworthy testified that defendant struck Williams several times and demanded his wallet, that Williams complied, that Williams was then searched and money was taken from his pockets. She also said that defendant threatened Williams with a knife during the robbery. She testified that the robbery was the brainchild of defendant and that she had no advance knowledge of it. On cross-examination, she stated that she pleaded guilty to a charge of stealing over $50, as a result of the incident, and was placed on probation.

Defendant took the stand in his own defense. On direct examination, he testified that he and Ms. Kinworthy had been partying and drinking all day prior to their encounter with Williams; that Williams left Jody's Cafe with them; that Ms. Kinworthy suggested rolling Williams; and that she had a knife. He remembered putting Williams out of the car and very little else. On cross-examination, defendant testified that he was 6'11" tall, weighed approximately 245 pounds, and wore a size 18 shoe, which certainly verified his description by the victim. Defendant admitted offering Williams a ride to a motel and that he was driving. He did not remember hitting Williams. He did not remember demanding the wallet but knew that it was demanded and that Williams handed it to him. He said that Ms. Kinworthy told Williams that if he went to the police, he would be killed. Defendant remembered talking to Deputy Meyer after being arrested.

In defendant's cross-examination by the prosecuting attorney, the following exchange occurred:

"Q. Okay. Now, did you give a statement to the police?

A. I didn't make a sworn statement.

Q. Did you give an oral statement to Mr. Meyer?

A. Yes, I did.

Q. Did you tell him any of this?

A. No, I didn't.

Q. In fact, you told him that you didn't know anything about Michael Williams or any robbery or any taking of a wallet, isn't that correct?

A. That's true.

Q. You lied to him, didn't you?

A. I guess I did.

Q. When he first talked to you on March the 25th—the morning of March the 25th, 1978, you lied to him then, didn't you?

A. I didn't lie to him intentionally.

Q. Well, you didn't tell him what you're telling this jury now, did you?

A. No, I didn't.

Q. Did you tell him it was all Gail Kinworthy and that you didn't have any part of it and you don't remember certain things?

A. I was advised to keep my mouth shut.

Q. When you talked to Deputy Meyer before you were advised about anything, did you tell him the truth?

A. I didn't tell him anything.

Q. Okay. And you didn't tell anybody anything at the preliminary hearing, did you?

A. I wasn't asked to tell anybody anything at the preliminary.

Q. Okay. And from March 25th until 1978, until this day right now, this is the first time that you've told this story, isn't that correct?

A. In front of more than two people, yes.

Q. Well, to any law enforcement agency?

A. No, sir.

Q. You haven't told this story until today, is that right?

A. That's right."

No objection was made to any of these questions.

At the conclusion of defendant's testimony, both sides rested. Defendant then offered Instruction No. A, which read as follows. "Under the law, a defendant has the right to remain silent. No presumption of guilt may be raised and no inference of any kind may be raised from the fact that the defendant did not make a statement." The instruction was refused.

On appeal, defendant contends that the trial court erred 1) in refusing to give Instruction A and in permitting the prosecutor to question defendant on his silence when questioned by a police officer about the crime, and 2) in failing to instruct the jury on the crime of stealing from the person. Since defendant did not file a motion for new trial, our review of grounds asserted by defendant on appeal is limited to discretionary consideration of plain errors affecting substantial rights. Rule 27.20(c), V.A.M.R.; *State v. Haslip*, 583 S.W.2d 225, 227 (Mo.App.1979). No plain error is shown here.

■ Instruction A, offered by defendant, was a modification of MAI–CR 3.76. The Notes on Use following that instruction in-

dicate that 3.76 should be given on proper request, in accordance with Rule 26.08. Subsection (b) of that rule states that an instruction patterned on 3.76 shall be given "if the defendant does not testify, and the defendant so requests, *but not otherwise.*" Here, the defendant did testify. The refusal of the instruction was proper.

■ In regard to the cross-examination of defendant, we hold that it was proper. When a defendant takes the witness stand and testifies at trial, he "shall be liable to cross-examination, as to any matters referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case . . . ." § 546.260, RSMo 1978, V.A.M.S. One method of impeachment is by a showing of prior inconsistent statements. Defendant had no immunity from questioning in that vein. *State v. Moore*, 546 S.W.2d 10, 13 (Mo.App. 1976). Defendant told one story on the witness stand, had previously given a different version to Deputy Meyer, admitted that what he told Meyer was a lie and, finally, said he had not told Meyer anything. The questions were proper, under the circumstances. The asking of such questions, and the answers given thereto, could not be considered as error, plan or otherwise.

■ As to defendant's second point, there was strong evidence that supported the robbery charge, and no substantial evidence to support a charge of stealing from the person. Therefore, the trial court did not commit error in failing to instruct on stealing. *State v. Johnson*, 559 S.W.2d 756, 758–759 (Mo.App.1977).

A review of the entire record indicates that there was no prejudicial error in the conduct of defendant's trial.

The judgment is affirmed.

All concur.