**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Benjamin SMITH, Defendant-Appellant.**

**No. 43329.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 18, 1981.

Stephen C. Ludwinski, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of stealing property of a value over $150, a class C felony under § 570.030, RSMo. 1978. The court sentenced him to a term of five years in the Division of Corrections, in accordance with the jury assessment, and to an additional term of three years, to run consecutively with the five-year term, after the court found the defendant to be a persistent offender under § 558.016, RSMo. 1978.

On appeal, defendant contends that the court erred in denying his motion for acquittal because the state's evidence was insufficient to support a verdict of the jury.

■ In determining the sufficiency of the state's evidence to make a submissible case for the jury, we are required to "consider as true the evidence most favorable to the state and all favorable inferences to be drawn therefrom, disregarding evidence to the contrary." *State v. Alexander*, 581 S.W.2d 389, 390 (Mo.App.1979) (citation omitted).

■ The state's evidence showed the following: On June 14, 1979, Donald Underhill, a security officer employed by the J. C. Penney Company, observed the defendant and a woman in the women's dress department of J. C. Penney Department Store located in the Northwest Plaza in St. Ann, Missouri. He saw the woman remove a number of dresses from a display rack, take them over to defendant who was standing about twenty feet away, and place them on

the floor between two clothing racks. Defendant took a light brown plastic clothing bag out of a Stix, Baer and Fuller paper shopping bag and gave the plastic bag to the woman. As she held the plastic bag, the defendant put some of the dresses in it. The woman then removed a white plastic bag from the paper shopping bag. At this point, the officer was joined by Frank Banaszek, another security officer for the store, who had been contacted by Officer Underhill via two-way radio. The two officers observed the woman hold the white plastic bag while the defendant put the rest of the dresses in it. The couple folded over the two plastic bags. The woman took the plastic bags and the defendant picked up the paper bag. The couple then left the dress department, passing by the cash register for that department. Walking at a faster than normal pace, the defendant and the woman headed directly toward a store exit which was located approximately one hundred and twenty-five feet away. They passed without stopping at least six other cash registers. About ten to fifteen feet from the exit, Officer Underhill stopped the couple and identified himself as a security officer. The woman dropped her plastic bags. The defendant and the woman were then taken into the custody of the officers. The two plastic bags were emptied, and the officers found twenty dresses, each one on a hanger. Eighteen of the dresses carried price tags. At trial, the dresses were produced, identified as property belonging to. the J. C. Penney Company, and further identified as the same dresses which were found in the two plastic bags by the security officers.

After their apprehension by the security officers, the couple was turned over to the St. Ann police. Officer Underhill testified that the dresses could have been paid for at any cash register in the store. Officer Banaszek testified that there was a cashier present at every cash register which the couple passed. Both officers testified that as the couple was leaving the store in the custody of the St. Ann police, they heard the woman tell the defendant in substance that she and the defendant would have been released if it had not been for the defendant's conduct.

At the close of the state's case, defendant moved for judgment of acquittal which was denied by the court. The defendant did not present any testimony. Subsequent to the rendition of the jury verdicts, defendant filed a motion for new trial which was denied by the court.

Defendant argues that the state's evidence failed to show that the defendant intended to deprive the owner of its property without its consent within the meaning of §§ 570.030.1 and 570.010(8), RSMo. 1978, in that he was stopped and arrested on the premises of the J. C. Penney Department Store, and had not removed any property from the store. We disagree.

Section 570.030.1, RSMo. 1978, provides:

"A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion."

Section 570.010(8), RSMo. 1978, defines "deprive" as follows:

" 'Deprive' means

(a) To withhold property from the owner permanently; or

(b) To restore property only upon payment of reward or other compensation; or

(c) To use or dispose of property in a manner that makes recovery of the property by the owner unlikely;"

A number of convictions for stealing have been upheld on appeal where the state's evidence adduced at trial showed that the defendant was observed placing merchandise belonging to a store into a sack and the defendant was apprehended on the store premises with the merchandise. *See, e.g.,* *Johnson v. State,* 574 S.W.2d 936 (Mo.App. 1978) and *State v. Van,* 543 S.W.2d 827 (Mo.App.1976).[1] Here, the evidence indi-

---

1. The defendants in these cases were charged with the felony of stealing property over the

value of $50 under § 560.156, RSMo. 1969, which defined "steal" as "to appropriate by

cated that defendant and his cohort were attempting to leave the store without paying for the property and that they had, by placing the property in bags, exercised dominion over it. *State v. Van*, supra at 831. This constituted substantial evidence to support the jury's verdict against the defendant.

Defendant next contends that the court erred in denying his motion for new trial because the jury's determination of the value of the dresses taken by defendant was against the weight of the evidence. We disagree.

For the purpose of proving the offense of stealing property over $150, the value of the property is its "market value ... at the time and place of the crime...." § 570.020(1), RSMo. 1978. Evidence of both retail price and wholesale cost are relevant in determining fair market value. *State v. Jackson*, 581 S.W.2d 459, 460 (Mo.App.1979).

Here, the merchandise manager for the J. C. Penney Company testified that the dresses had a total retail price in excess of $600, and a total wholesale cost of approximately $343. He admitted that dresses on sale at the store may be discounted as low as $2.99, but stated that on the date of the crime, the twenty dresses taken by the defendant and the woman were not on sale.

We conclude that the jury's determination of the value of the dresses was not against the weight of the evidence. Therefore, the defendant's second contention is also without merit.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

exercising dominion over property in a manner inconsistent with the rights of the owner, either by taking, obtaining, using, transferring, concealing or retaining possession of his property." This statute was repealed and replaced

by § 570.030, RSMo. 1978. The Comment to the 1973 Code indicates that the present statute includes the conduct which would have constituted stealing under the prior law.