STATE of Missouri, Respondent,

v.

Melvin Bernard WILLIAMS, Appellant.

No. 45554.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1983.

Motion for Rehearing or Transfer
Denied Sept. 14, 1983.

William J. Shaw, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Appeal from a conviction for a Class B Felony of Robbery Second Degree in violation of § 569.030, RSMo.1978 and a Class C Felony of Burglary Second Degree in violation of § 569.170, RSMo.1978. Defendant was sentenced to a thirteen year term of imprisonment for the robbery count and a concurrent term of six year for the burglary count.

Defendant asserts the state did not make a submissible case. The relevant evidence most favorable to the verdict adduced at trial is as follows. Victim went to his home on Drexel Drive in University City, Missouri at approximately 11:30 a.m. on Friday, February 27, 1981. After entering his home, victim was completely covered with a large, heavy cloth, bound, and blindfolded. Victim believed there were two male

assailants, and in fact saw a black hand as he was draped with the cloth. Victim's car keys, money clip, and wallet containing a two dollar bill were taken from his person. The assailants then drove off in victim's car. Victim untied himself and called the police, who arrived just after noon. Victim's home had been ransacked and numerous items, including two television sets, had been stolen. The police found pry marks on the basement door and a broken garden tool nearby.

Shortly after 11:30 a.m. that same day, one Bryant Morris, was returning to his apartment on Hafnor Court in University City, Missouri only seven blocks from victim's home. Morris noticed two black men standing near a car with a television set in the trunk. Morris found this suspicious, and had his wife report the situation to the police. After parking his car, Morris returned to the scene but the television was gone.

Officers Judith Heald and Joseph Dowley of the University City Police Department arrived at Hafnor Court at approximately 12:15 p.m. Morris approached Officer Heald and related what he had seen. Officer Heald noticed the car in question matched the description of victim's car and had the same license number. When the two black men started walking from the scene, the officers drew their weapons and ordered the pair to stop. The men were handcuffed and put in the police cars. However, defendant's cohort, Earl Christian, escaped.

As Officer Heald helped defendant from the police car, victim's B'nai B'rith card fell from the area of defendant's torn pants pocket. Because the card belonged to victim, defendant was booked for robbery. Included in the property found in defendant's possession was a money clip, a two dollar bill and a gas charge receipt, which were later identified as belonging to victim. In addition, defendant's coat was found inside victim's car.

Our standard of review requires consideration of the evidence in the light most favorable to the state's case. *State v.*

*Smith,* 621 S.W.2d 94, 95 (Mo.App.1981). Where, as here, the conviction is based on purely circumstantial evidence, the facts and circumstances must be consistent with each other, consistent with a finding of guilt, and must exclude every reasonable hypothesis of defendant's innocence. *State v. Prier,* 634 S.W.2d 197, 199 (Mo. banc 1982). Based on the foregoing evidence the jury could reasonably have found defendant guilty of the crimes charged.

In assessing credibility, the jury may disbelieve defendant's explanation of his possession of recently stolen property. *State v. Cobb,* 444 S.W.2d 408, 414 (Mo. banc 1969). The jury may infer guilt from defendant's possession of recently stolen property. Id. Such evidence alone is sufficient to support a conviction. *State v. Robb,* 439 S.W.2d 510, 513 (Mo.1969). Here this inference of guilt was supported by other incriminating evidence, including defendant's presence, companionship, and conduct before and after the offense. *State v. Johnson,* 510 S.W.2d 485, 498 (Mo. App.1974). In sum, there was evidence fairly showing defendant's participation in the crime sufficient to support the conviction. Id.

In his second Point Relied On, defendant alleges the trial court erred in denying his motion in limine ordering the state to refrain from presenting evidence of other crimes, in allowing reference to such crimes in closing argument, and in failing to grant a mistrial after the testimony of two separate witnesses.

Generally, evidence of separate and distinct crimes is inadmissible because it breaches defendant's right to be tried only for the crimes with which he is charged. *State v. Shaw,* 636 S.W.2d 667, 671–2 (Mo. banc 1982), cert. denied 459 U.S. 928, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982). However, evidence of other crimes may be admitted if it is competent and necessary to establish defendant's guilt for the crime charged. Id. Specifically, where defendant's identity is in issue, evidence of unrelated crimes may be admitted if it is helpful

in establishing the defendant's identity. *State v. Mitchell*, 491 S.W.2d 292, 295 (Mo. banc 1973). Evidence which raises the inference defendant participated in the robbery has probative value in light of defendant's testimony to the contrary.

■ Defendant's counsel called Officer Adams of the University City Police Department to testify that shortly after the robbery he saw defendant's cohort, Earl Christian, alone in the stolen car. This testimony was intended to show Earl Christian acted alone and thereby prove defendant's innocence. On cross-examination, the prosecutor ascertained Officer Adams had initially identified the man he saw with the car as defendant. The prosecutor had a right to ask how the officer made such a mistake. Officer Adams explained he had confused the names because he knew defendant and Christian had recently been arrested together, and because he had seen them together quite often. Although this evidence tended to discredit defendant's character, it lent additional support to the inference that defendant acted with Earl Christian to commit the crime alleged.

■ The decision to admit such evidence rests within the sound discretion of the trial court. *State v. Berry*, 609 S.W.2d 948, 954 (Mo. banc 1980). The main criterion for admission is the standard of relevance. Id. If such evidence has probative value and tends to support some fact in issue, it should not be excluded merely because it may discredit defendant's character. *State v. Shaw*, 636 S.W.2d 667, 672 (Mo. banc 1982). The testimony regarding this arrest was relevant to establish defendant's identity and connection to the crime alleged. Therefore, the trial court did not abuse its discretion in admitting it. *State v. Wood*, 596 S.W.2d 394, 402 (Mo. banc 1980), cert. denied 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

■ Additionally, in his closing argument, prosecutor was allowed to make direct reference to defendant's prior arrest with Earl Christian over defendant's objections. It is well established a trial court has wide discretion in determining the permissible scope of counsel's argument to the jury. *State v. Wood*, 596 S.W.2d at 403. Prosecutor's closing argument references to this arrest were not so prejudicial as to constitute an abuse of discretion. *State v. Spears*, 505 S.W.2d 92, 94 (Mo.1974).

■ Defendant also contends the state's direct rebuttal examination of Detective Marquard created an impermissible inference defendant was involved in other crimes with Earl Christian. The testimony in question was as follows:

Q. What, if anything, did the defendant tell you about the apartments on Hafnor Court?

A. He told myself and Officer Spencer that he met a subject that he knew by the first name of Chris, and Chris asked him to go to an apartment on Hafnor Court where Chris wanted to buy some marijuana.

The testimony was admissible to impeach defendant's credibility through prior inconsistent statements. Section 546.260, RSMo.1978; *State v. Roberts*, 593 S.W.2d 626, 628 (Mo.App.1980). It was relevant because it showed defendant gave more than one account of his presence on Hafnor Court at the time of the arrest. The testimony suggests Earl Christian may have been involved in the crime of purchasing marijuana. To avoid prejudice to defendant, the court instructed the jury to disregard the reason given for going to the apartment. Therefore the trial court did not abuse its discretion in admitting this testimony.

Under the particular facts of this case, evidence of defendant's other crimes was admissible to show defendant's participation in the crime alleged.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.