Arvin WALKER, a/k/a James
Eddes, Appellant,

v.

STATE of Missouri, Respondent.

No. 53908.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Stormy Barton White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Arvin Walker, a/k/a James Eddes, appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Appellant was convicted by a jury of stealing property of a value over $150.00 a class C felony under § 570.030 RSMo 1978. The court sentenced him as a persistent offender to fifteen years imprisonment. Appellant's judgment and sentence were

affirmed by this court in *State v. Eddes*, 721 S.W.2d 196 (Mo.App.1986).

Appellant filed a pro se motion to vacate his sentence under Rule 27.26. He then retained counsel who filed an amended petition. An evidentiary hearing was held. In denying the motion, the court issued findings of fact and conclusions of law. On appeal, our role is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Richardson v. State*, 719 S.W.2d 912, 915 [1] (Mo.App.1986).

Appellant's sole issue raised on appeal is whether his attorney's failure to investigate the wholesale price of the stolen goods, which would reduce the charge from a felony to a misdemeanor, constitutes ineffective assistance of counsel. In order to prove an ineffective assistance of counsel claim, appellant must show that his attorney failed to exercise the customary care and diligence that a reasonably competent attorney would use under similar circumstances and that appellant was prejudiced by his attorney's behavior. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); *Richardson v. State*, 719 S.W.2d at 915[1]. A court may determine whether appellant was prejudiced without first examining whether counsel's conduct was deficient. *Strickland v. Washington*, 466 U.S. at 697, 104 S.Ct. at 2069.

A strong presumption exists that counsel's conduct falls within the range of permissible conduct. *Id.* at 690, 104 S.Ct. at 2065. However, the court need not judge counsel's behavior if appellant has not shown that he was prejudiced by his counsel's conduct.

■ Appellant was convicted of stealing two telephones, each with a retail value of $139.99, from A.T. & T. service. In this motion, he claims that his attorney failed to investigate the wholesale price of each phone. The claim of an attorney's inadequate investigation of a case must allege what information the attorney failed to discover, that reasonable investigation would have disclosed the information and that the information would have aided appellant's

position. *Franklin v. State*, 655 S.W.2d 561, 565 [10, 11] (Mo.App.1983).

■ In order to prove the offense of stealing property over $150.00, it is necessary to prove that the market value at the time and place of the crime is over $150.00. *State v. Smith*, 621 S.W.2d 94, 97[4] (Mo.App.1981); § 570.020(1) RSMo 1978. Evidence of both retail price and the wholesale cost is useful in determining the market value of the goods. *State v. Jackson*, 581 S.W.2d 459, 460[1–3] (Mo.App.1979). At trial evidence was presented that the retail price of each phone was $139.99. No evidence of the wholesale price was presented. The trial court determined that the market value of the two phones was greater than $150.00. In his motion to vacate, appellant claims that the wholesale price of the two phones was $70.00 each and that the manager of the A.T. & T. store would testify to this fact. He was granted an evidentiary hearing in which he was required to show that the phones' wholesale price was $70.00 each and that his attorney should have discovered this information.

Appellant failed to present proof of the wholesale price. He failed to bring the A.T. & T. manager to testify concerning the wholesale cost of the telephones. Rather, he himself testified that the manager would testify to the $70.00 price and the motion court chose to reject his testimony. Appellant's attorney, as revealed in the motion court's transcript, claimed that although he did not investigate the wholesale price of the phones, the appellant did give him information concerning the price of the phones which could not place a wholesale per unit price over a hundred and fifty dollars nor under a hundred and fifty dollars. The attorney also claimed that appellant never asked him to call any additional witnesses to the stand.

The motion court determines the credibility of a witness' testimony and can choose to reject the testimony even though no contrary evidence is offered. *Richardson v. State*, 719 S.W.2d at 915[1]. The motion court chose to accept the testimony of appellant's attorney as credible. Thus, the motion court found that appellant failed to

**650**

prove that the wholesale price of the two phones was less than $150.00; therefore, appellant failed to prove that his attorney's investigation was inadequate and that he was prejudiced by his attorney's conduct. The motion court concluded that defense counsel was not ineffective. We find that the court's findings of fact and conclusions of law were not erroneous.

Judgment affirmed.

KAROHL, P.J., and SMITH, J., concur.