**STATE of Missouri, Respondent,**

v.

**Richard L. ASKEW, Sr., Appellant.**

No. 57648.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1992.

Application to Transfer Denied
Feb. 25, 1992.

498

J. Bryan Allee, Asst. Appellate Defender, Office of State Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

In this jury-tried case, appellant, Richard L. Askew, Sr., appeals his convictions of sodomy, rape, and two counts of first degree sexual assault. Appellant also appeals from the denial of his motion for post-conviction relief. Appellant was sentenced to two consecutive terms of thirty years' imprisonment and two concurrent terms of seven years' imprisonment to be served concurrently with the thirty year

sentence. We affirm appellant's convictions and remand for resentencing.

Appellant does not challenge the sufficiency of the evidence to support his convictions. At trial, appellant's daughter, E.F.[1] testified in graphic detail regarding appellant's repeated acts of sexual abuse against her. Appellant first sexually abused E.F. when she was nine years old. The abuse began in 1984, and occurred nearly every time E.F. visited appellant alone. Generally, after each incident of abuse, appellant purchased E.F. clothes or gave her money; he also threatened to kill her if she told anyone what he had done. This sexual abuse continued until March, 1989.

■ In the first point on direct appeal, appellant contends the trial court plainly erred in admitting evidence of prior uncharged sexual acts allegedly committed by appellant. The state offered the testimony of two other daughters of appellant as evidence of a "common scheme" and "a sexual intent."

At trial, G.H., a daughter of appellant, testified that on one occasion in 1984, she went to her father's apartment and he asked her to clip the hairs in his ears. Appellant laid his head in G.H.'s lap, put his arm around her, and rubbed his face between her legs. When G.H. resisted, appellant took a knife, sharpened it, and told G.H. he would kill himself if she told anyone.

Similarly, E.F. testified that appellant would sometimes ask her to clip the hair on his ears. When he laid his head in her lap, he began "moving his head around" and touching her vagina.

J.K., another of appellant's daughters, testified that on one occasion after appellant moved to his apartment, she visited him and asked if she could borrow "a couple of dollars." Appellant told her she could have more money if he could "play with [her] body." After appellant had sexual intercourse with J.K., he gave her $10. This reoccurred on other occasions; after each incident, appellant gave J.K. money or purchased something for her. On some

---

**1.** The initials used are not the true initials of the individuals who testified.

occasions, appellant asked J.K. to remove acne from his back. After she removed the acne, appellant would begin touching her.

As noted, appellant generally gave E.F. money or purchased clothing for her after each incident of sexual abuse. Also, on occasions, appellant asked E.F. to remove acne from his back. As E.F. was removing the acne, appellant would begin touching her.

Appellant contends this evidence was inadmissible, because it was irrelevant; the probative value of the testimony did not outweigh its prejudicial effect; and the evidence was used solely to show appellant's propensity to commit such crimes.

"While 'evidence of similar sex crimes against other persons is inadmissible for purposes of showing propensity,' such evidence 'is admissible if it tends to establish motive, intent, identity, absence of mistake or accident, or a common scheme or plan.' " *State v. Christeson*, 780 S.W.2d 119, 122 (Mo.App.1989) (quoting *State v. Kerr*, 767 S.W.2d 344, 345 (Mo.App.1989)). As noted, the incidents of sexual abuse about which J.K. and G.H. testified were similar to the acts of sexual abuse for which appellant was being tried. Each daughter testified appellant initiated sexual contact with them beginning in 1984. Each incident occurred when appellant was alone with the daughter in his apartment. There was consistent testimony that appellant threatened to kill if his daughters told anyone about the incidents. Further, E.F. and J.K. received money or gifts from appellant after each sexual encounter. These circumstances demonstrated appellant's common scheme or plan to sexually abuse his daughters. *See State v. Koster*, 684 S.W.2d 488, 490 (Mo.App.1984). Thus, the testimony of J.K. and G.H. was properly admitted.

*State v. Lachterman*, 812 S.W.2d 759 (Mo.App.1991), which was decided after the present case was tried, provides a scholarly analysis of Missouri case law on this issue. In *Lachterman* we noted that the liberality in holding evidence of prior and subsequent sexual conduct of the defendant admissible "is often accomplished through such a strained and distorted application of the recognized [*State v.] Reese* [, 274 S.W.2d 304 (Mo. banc 1954)] exceptions that we run the danger of forcing a square peg in a round hole." *Lachterman*, 812 S.W.2d at 768. Thus, in *Lachterman*, this court held that "[e]vidence of repeated acts of sexual abuse of children demonstrates, per se, a propensity for sexual aberration and a depraved sexual instinct and should be recognized as an additional distinct exception to the rule against the admission of evidence of uncharged crimes." *Id.* at 768. The finding of relevance and probative value under that exception is limited "to other acts of sexual abuse of children of the same sex as the victim occurring near in time to the acts charged." *Id.* at 769.

We need not determine whether the exception recognized in *Lachterman* is to be applied retroactively. The testimony of G.H. and J.K. was properly admitted under the "common scheme or plan" exception applied in *Christeson*, and recognized by this court at the time of appellant's trial. We find no error, plain or otherwise, in the admission of the challenged testimony. Point denied.

In his second point on direct appeal, appellant maintains the trial court plainly erred in permitting the state to present evidence regarding appellant's complaint to the police two weeks prior to trial that two alleged female prostitutes stole money from him. Appellant contends "such testimony was an attempt to prove a prior uncharged crime which was inadmissible under any exception to the general rule prohibiting 'other crimes evidence', was irrelevant because its probative value was outweighed by its prejudicial effect, and was introduced solely for the improper purpose of attempting to show appellant's propensity to commit the offense."

On cross-examination, appellant testified he told police he could not have committed the crimes charged, because he was impotent. The prosecutor then questioned appellant regarding a complaint he made to police approximately two weeks before trial. Appellant stated he made a complaint that two women he had brought to his apartment tried to steal his money. Appel-

lant admitted that one of the women told him he could take the younger woman to bed in exchange for money. Appellant denied that he had sexual intercourse with the younger woman. The prosecutor asked: "And didn't you tell [Officer Hunold] that you were going to get all you could before you went to prison?" Appellant responded, "I did not say it that way."

Thereafter, the state called Officer Joseph Hunold as a rebuttal witness. Officer Hunold stated that during the investigation of appellant's complaint regarding stolen money, appellant said he was trying to get the younger woman into bed; he told the officer, "I was trying to get some p——. I try to get a little p—— any time I can." Appellant also told the officer he was going to be sentenced to forty years on October 26, the day of the trial, and he wanted to get all he could before he went to prison.

■ Appellant first contends the evidence regarding his complaint to police was irrelevant, because "[t]here is no rational reason to believe that a person who solicits a prostitute is more likely than not to molest a child." The evidence, however, was relevant to refute appellant's contention that he was physically incapable of committing the crimes charged.

■ Appellant also asserts the evidence should have been excluded as evidence of an uncharged crime. "Generally, evidence of separate and distinct crimes is inadmissible because it breaches defendant's right to be tried only for the crimes with which he is charged." *State v. Williams*, 672 S.W.2d 80, 82 (Mo.App.1983). Appellant maintains the evidence was evidence of an uncharged crime, "since solicitation of prostitution is a Class B misdemeanor under Missouri Statute."

Section 567.030 RSMo 1986 prohibits patronizing prostitution. A person patronizes prostitution if:

(a) Pursuant to a prior understanding, he gives something of value to another person as compensation for that person or a third person having engaged in sexual conduct with him or with another; or

(b) He gives or agrees to give something of value to another person on an understanding that in return therefor that person or a third person will engage in sexual conduct with him or with another; or

(c) He solicits or requests another person to engage in sexual conduct with him or with another, or to secure a third person to engage in sexual conduct with him or with another in return for something of value;

§ 567.010(3). "In order to invoke the rule that evidence which tends to prove other crimes is inadmissible, there must be a reference to, or evidence of, the fact that the defendant has committed, or has been accused of, or charged with, or convicted of, or been associated with, another crime or crimes." *State v. Bowles*, 754 S.W.2d 902, 911 (Mo.App.1988).

When questioned by the prosecutor, appellant denied there was any agreement to engage in sexual conduct in exchange for something of value. Officer Hunold did not testify appellant made any such statements to him. Thus, contrary to appellant's assertion, the evidence adduced did not link appellant with patronizing prostitution. Accordingly, the evidence presented did not violate the rule against injecting evidence of uncharged crimes.

■ Appellant contends the presentation of the evidence was an impermissible attack on appellant's character. The evidence, however, was relevant to refute appellant's defense, and the probative value of the evidence outweighed any prejudicial effect. The main criterion for admitting the evidence was the standard of relevance. *See Williams*, 672 S.W.2d at 83. "If such evidence has probative value and tends to support some fact in issue, it should not be excluded merely because it may discredit defendant's character." *Id.*

We find no error, plain or otherwise, in the admission of the challenged evidence. Point denied.

■ In his next point, appellant contends the trial court plainly erred in permitting evidence of appellant's 1947 conviction

for larceny of a motor vehicle and his 1954 conviction for violation of the Mann Act. Appellant asserts "the convictions are so remote in time and the nature of the offense [sic] are so dissimilar that said evidence and testimony had minimal probative value and should not have been used for the purposes of impeachment, Section 491.-050 notwithstanding." Appellant's contention is without merit. Section 491.050 does not place any limitations on the age of the convictions which may be used to impeach a defendant in a criminal trial. *State v. Cantrell,* 775 S.W.2d 319, 321 (Mo.App. 1989). Nor does § 491.050 limit the use of prior convictions to those similar in nature to the crime for which the defendant is being tried.

Appellant argues that "Missouri jurisprudence is 'not in the mainstream' with respect to the unbridled use of prior convictions for impeachment." However, "[a]ny departure from § 491.050 is a job for the legislature, not the courts." *State v. Jesse,* 738 S.W.2d 597, 598 (Mo.App.1987). We find no error, plain or otherwise, in the admission of the evidence.

■ In this point, as well as in his final point, appellant maintains the trial court plainly erred in finding him to be a prior offender. After the state presented evidence of appellant's 1947 and 1954 convictions, the trial court found appellant to be "a prior offender pursuant to the terms of Section 558.016, 558.019, and 557.036.4." Appellant alleges the trial court's finding was erroneous, because it was supported by appellant's 1947 felony conviction which was more than twenty-five years old.[2]

Section 558.019.6 RSMo (Supp.1990) provides:

If a period of twenty-five years or more has passed between a prior plea of guilty, finding of guilty, or any type of release from the department of corrections and human resources, whichever is later, and the present felony and accompanying commitment to the department,

then the defendant shall not be classified as a prior offender for purposes of this section.

In light of this subsection, the state concedes the trial court erred in finding appellant was a prior offender under § 558.019. The plain language of § 558.019.6 requires appellant's sentence be vacated and this case remanded for resentencing. *See State v. Lucas,* 809 S.W.2d 54, 58 (Mo.App.1991).

■ Appellant also contends the trial court erred in finding him to be a prior offender under § 557.036.4 and in removing the issue of sentencing from the jury under that statute. Appellant argues "[T]he provisions of Section 558.019.6 is [sic] applicable to the offender classification enumerated in section 557.036 in light of the language of the statute and the manifest legislative intent to limit the effect of prior convictions which serve no deterrent effect because of the passage of time."

Section 557.036.2(2) provides:

The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict, unless ...

(2) The state pleads and proves the defendant is a prior offender, persistent offender, or dangerous offender, as defined in section 558.016, RSMo.

Section 558.016 "contains no time limitation." *Lucas,* 809 S.W.2d at 58. "In addition, we must interpret the statute according to its plain and ordinary meaning." *Id.* We reject appellant's assertion that the trial court erred in considering appellant's 1947 conviction for purposes of removing sentencing from the jury under § 557.036 and for purposes of sentencing under § 558.016.

We remand for resentencing by the trial court under §§ 557.036 and 558.016.

In his *pro se* and first amended motions for post-conviction relief filed pursuant to

---

2. Appellant's 1954 Mann Act conviction could not be considered in determining whether appellant was a prior offender under § 558.019, because the conviction was not for one of the

class A and B felonies under the Missouri chapters specified in § 558.019.2, or a dangerous felony as defined in § 556.061(8). § 558.109.2.

Rule 29.15, appellant maintained that he received ineffective assistance of counsel. Following a hearing on appellant's motions, the motion court entered findings of fact, conclusions of law, and an order denying appellant's request for post-conviction relief.

Appellant maintains the court erred in denying his request for relief. "Appellate review of a denial of postconviction relief is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous." *Lane v. State*, 778 S.W.2d 769, 770 (Mo.App. 1989); Rule 29.15(j). "The motion court's findings and conclusions are clearly erroneous only if review of the entire record leaves this court with a definite and firm conviction that a mistake has been made." *Lane*, 778 S.W.2d at 770.

"To prove a claim of ineffective assistance of counsel, a *Rule 29.15* movant must show that counsel's performance was deficient and that the deficiency prejudiced his defense." *Sidebottom v. State*, 781 S.W.2d 791 (Mo. banc 1989), *cert. denied*, — U.S. ——, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). Under Rule 29.15, "movant has the burden of proving his grounds for relief by a preponderance of the evidence." Rule 29.15(h). " 'There is no reason for a court ... to address both components of the inquiry if the defendant makes an insufficient showing on one.' " *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984)).

"The deficiency is shown by counsel's acts or omissions which, in light of all the circumstances, were 'outside the wide range of professionally competent assistance.' " *Id.* (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). "Counsel is presumed competent." *Sidebottom*, 781 S.W.2d at 796. "Prejudice is shown by proof that, but for counsel's unprofessional errors, there was a reasonable probability that the result would have been different." *Id.*

■ Appellant claims his trial counsel was ineffective for failing to object to testimony from two other daughters regarding uncharged sexual conduct. As noted earlier, that testimony was properly admitted at trial. Any objection to the testimony would have been meritless. "Counsel is not considered ineffective for failing to make a nonmeritorious objection." *State v. Clark*, 801 S.W.2d 701, 703 (Mo.App. 1990).

■ Appellant next contends his trial counsel was ineffective in failing "to present evidence or testimony to establish that appellant was legally blind at the time the alleged offenses took place." At the evidentiary hearing, Dr. Plowman, an ophthalmologist, testified that he had treated appellant since 1977 for multiple vision problems. According to Dr. Plowman, appellant's "visual acuity had deteriorated and was very poor." In Dr. Plowman's opinion, appellant was legally blind in July, 1989. Appellant argues that evidence establishing he was legally blind "would have corroborated appellant's defense that he did not commit the offenses and that the alleged victim's testimony was not credible."

The motion court found there was "no evidence which would support a finding that movant's physical capacity to commit the offenses with which he was convicted was in any way diminished by visual impairment." That finding is not clearly erroneous. The victim did not testify that appellant used physical force to commit any of the acts.

Appellant argues evidence that his visual acuity was below the level of legal blindness would have placed the victim's testimony in considerable doubt, because the victim "testified that all of the incidents of sexual abuse charged occurred in the daytime when appellant picked her up from school and drove her to his apartment." Although the victim testified that prior to the first incident of sexual abuse, she "rode" with appellant to his apartment and on other occasions, appellant "picked me up" to go to his apartment, she stated she sometimes walked to appellant's apartment.

Thus, the proposed evidence of appellant's vision problems would have only

gone to impeach the victim's testimony. Appellant's request for relief on this point is denied, because the evidence would not have provided appellant with a defense, but would have merely impeached the state's witnesses. *See Lane,* 778 S.W.2d at 771; *Allbritton v. State,* 747 S.W.2d 687, 689 (Mo.App.1988).

Appellant next contends trial counsel was ineffective in that he "failed to file a motion for new trial for the purpose of preserving any of appellant's points for appellate review." Appellant argues "[t]rial counsel failed to raise any allegation of error required to be raised under Missouri Supreme Court Rule 29.11(d) and thereby forced appellant to argue all claims of error presented on appeal under the standard of plain error."

> On this issue, the motion court found: There is no allegation of any specific point at which movant believes should have been included in the motion for new trial. There is no allegation of any specific point at which movant believes should have been included in the motion for new trial and was not. There is no allegation of any specific trial error which would have been preserved for review if it had been included in a motion for new trial. Neither in evidence nor in proposed Finds [sic] of Fact, has movant suggested to this Court a single point of reversible error which was waived due to the form of the motion for new trial.

The motion court concluded that appellant "failed to prove that he was in any way prejudice[d] by the form or substance of the Motion for New Trial." A review of appellant's Rule 29.15 motion and the evidentiary hearing transcript supports the motion court's findings and conclusions. As such, those findings and conclusions are not clearly erroneous. Since appellant failed to show trial counsel was deficient or that appellant suffered prejudice, his allegation that the motion court erred in denying relief is without merit.

Further, under each point raised on direct appeal, we found that no error, plain or otherwise, resulted. Accordingly, appellant suffered no prejudice as a result of any omissions from the motion for new trial.

Appellant's final allegation, states that trial counsel's failures "in addition to counsel's general inattention and lack of zealous representation evinced by the record, had the cumulative effect of essentially depriving appellant the benefit of any legal representation whatsoever." However, the absence of any merit in appellant's assertions of ineffective assistance of counsel "renders his 'cumulative effect theory' nugatory." *Henderson v. State,* 789 S.W.2d 498, 503 (Mo.App.1990).

Further, the allegations of "general inattention and lack of zealous representation" were not presented to the motion court. "An issue not raised in a motion under Rule 29.15 and not presented to the trial court for determination will not be considered on appeal." *Moton v. State,* 772 S.W.2d 689, 692 (Mo.App.1989). We decline to review this issue advanced for the first time on appeal.

The judgments of the trial court and motion court are affirmed. The cause is remanded for resentencing in accordance with this opinion.

SMITH, P.J., and SIMON, J., concur.