Fran McCLAIN, Plaintiff–Appellant,

v.

Frank O. PETKOVICH, M.D. and
Frank O. Petkovich, M.D., Inc.,
Defendants–Respondents.

No. 61688.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 9, 1993.

**34**

Philip C. Denton, St. Louis, for plaintiff-appellant.

Joseph M. Kortenhof, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, Fran McClain, appeals from a judgment entered on a jury verdict in the Circuit Court of St. Louis County in favor of respondent, Dr. Frank Petkovich, in appellant's medical malpractice action. We affirm.

Appellant first met respondent, an orthopedic surgeon, when she visited his office complaining of severe pain in her lower back and left leg. Dr. Petkovich discovered a herniated disc in appellant's spinal column between vertebrae L4 and L5. The herniated disc was swollen and was pressing against the nerve root, causing the pain. Respondent recommended surgery to remove the disc, and performed the surgery successfully on June 5, 1987. Several days later, a fistula [1] was discovered in the L4–L5 area, connecting the right common iliac artery and vein. Dr. Thomas Niesen, a vascular surgeon, operated on and repaired the fistula, but the repair became clotted and ineffective, resulting in claudication [2] in appellant's right leg and pelvic areas. Dr. Niesen advised appellant that another surgical procedure could relieve the blockage and the pain, but appellant refused to undergo this procedure. As a result, appellant has experienced a significant loss of circulation in her right leg. Appellant sued Dr. Petkovich and his corporation, Frank O. Petkovich, M.D., Inc., for malpractice, claiming that he negligently inserted a surgical instrument too deep, nicking the artery and causing the fistula.

The cause went to trial on January 21, 1992. During *voir dire*, in response to questions by appellant's counsel, Venire-

---

**1.** A fistula is an abnormal direct connection between an artery and vein. Fistulas cause a decrease in the oxygenated blood supply to the area served by the affected artery.

**2.** Claudication is cramp-like leg pain, resulting in limping or lameness.

person Rose Bley stated both she and her husband were patients of Dr. Edwin Carter who was an expert witness endorsed by respondent. Venireperson Bley testified she knew Dr. Carter and liked him; she also stated that she trusted Dr. Carter's judgment. However, Venireperson Bley consistently maintained that she could be impartial, and would not give Dr. Carter's testimony more weight due to their relationship. Appellant moved to strike Venireperson Bley for cause. The motion was denied by the court. At the completion of *voir dire*, appellant used a peremptory challenge to remove Venireperson Bley from the jury panel.

The jury was sworn and the trial proceeded. During cross-examination of appellant herself, defense counsel inquired about the consent form appellant signed prior to surgery. Defense counsel also asked appellant if she was informed of the risks of back surgery. Appellant's counsel objected to the above questions as being irrelevant since appellant did not plead negligence due to lack of informed consent, but appellant's objections were overruled.

Also during cross-examination of appellant, the defense adduced evidence that appellant had been hospitalized for heart symptoms about two years before the surgery here at issue. A catheterization was then performed on appellant, during which procedure a small tube was inserted into the iliac vein in the same area where the fistula occurred. Appellant's expert witness, Dr. Gary J. Lustgarten, M.D., a neurosurgeon, admitted that injuries which occur during catheterization are often not apparent until years later.

Another of appellant's experts, Dr. Edwin Season, M.D., an orthopedic surgeon, admitted that a fistula could occur without the surgeon being negligent. Both Dr. Season and Dr. Lustgarten read Dr. Petkovich's operative report, which was admitted into evidence. Both physicians admitted that the report showed no signs of negligence or improper surgical technique.

After presentation of respondent's evidence and deliberations, the jury returned a verdict for respondent, Dr. Petkovich. The vote was 10 to 2. This appeal ensued.

For her first point on appeal, appellant alleges the trial court erred by overruling her motion to strike Venireperson Rose Bley for cause. We disagree.

Regarding allegations of error during *voir dire*, appellate courts generally defer to the trial court because the trial judge can observe the venireperson's demeanor and can consider the venireperson's answers in light of those observations. *State v. Harris*, 425 S.W.2d 148, 155 (Mo. 1968). As such, the trial court is in a far better position to determine a potential juror's qualifications than we are. *Id.* Therefore, determinations by the trial courts such as the one at bar are overturned only when they are clearly and manifestly wrong. *Golden v. Chipman*, 536 S.W.2d 761, 765 (Mo.App., St.L.Dist.1976). Any doubts which exist are to be resolved in favor of the trial court's decision. *State v. Reynolds*, 619 S.W.2d 741, 749 (Mo. 1981).

Mere equivocation is not enough to disqualify a juror. *State v. Walton*, 796 S.W.2d 374, 377 (Mo. banc 1990). If the challenged venireperson subsequently reassures the court that he can be impartial, the bare possibility of prejudice will not deprive the judge of discretion to seat the venireperson. *Id.* Although Venireperson Bley did give some equivocal answers during *voir dire* which hinted at the possibility of prejudice, the tenor of her testimony overall was that she would be fair and impartial.

Combining Venireperson Bley's testimony with the trial judge's ability to observe and evaluate that testimony, and considering the wide latitude accorded the trial court in these matters, we are unable to see any error. Point denied.

Appellant's second point alleges error regarding respondent's inquiry into the issue of consent. Appellant alleges that, because informed consent was not an issue in the case, this irrelevant line of questioning misled the jury and led to an improper result. We disagree.

 Relevancy is a matter largely within the trial court's discretion. *Reed v. Rope*, 817 S.W.2d 503, 510 (Mo.App., W.D. 1991). Substantial deference is given to the decision of the trial court as to the admissibility of evidence and its decision will not be disturbed absent a showing that it abused that discretion. *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991). Such abuse occurs only when the ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration. *Id.* We are not persuaded that this line of questioning is irrelevant.

> Before evidence can be excluded upon the ground that it is irrelevant, it is essential that it appear so beyond doubt. If the question is doubtful, the settled rule is that the evidence should go to the jury for their own evaluation of it.

*Luechtefeld v. Marglous*, 151 S.W.2d 710, 714 (Mo.App., St.L.1941).

 In the case before us, it was important for the defense to show that, despite all proper precautions, complications do arise during back surgery. The line of inquiry before us merely showed that such complications do arise, and are acknowledged by responsible practitioners, even though they are not negligent. While a question might be raised regarding the testimony's relevancy, its admission in no way demonstrates a lack of careful deliberate consideration. Point denied.

The judgment of the circuit court is affirmed.

SMITH and STEPHAN, JJ., concur.