**STATE of Missouri, Respondent,**

v.

**Dirth WILLIAMS, Appellant.**

**Dirth WILLIAMS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 66412, 68131.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1996.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Dirth Williams (defendant) appeals a conviction and sentence for stealing $150 or more of property in violation of § 570.030.3 RSMo1994. He was sentenced as a prior and persistent offender to twenty years imprisonment. He also appeals denial of his Rule 29.15 motion for post conviction relief without an evidentiary hearing. We affirm.

The state proved the following facts. On the evening of August 16, 1993, Roy Gardner and his sister, Nellie Smith, were shopping for yard equipment at a Builder's Square store. Defendant, an employee of Builder's Square, approached Gardner and asked him if he wanted to purchase a lawn mower and an air conditioner for $150. The combined retail cost of both items was over four hundred dollars. Gardner accepted the offer. Defendant instructed Gardner to get his sister to purchase some items in order to obtain a receipt, then stand in aisle sixteen and wait until defendant could cart the items to him. Gardner's sister purchased various lawn tools for $90. These items did not include an air conditioner or a lawn mower. After Gardner's sister paid for the various lawn tools, Gardner told her to wait in aisle sixteen with her receipt for the air conditioner and lawn mower, while he pulled his truck to the front of the store. Gardner's sister did as she was instructed. She later walked out of the store with defendant, as he pushed the cart of unpaid merchandise.

A cashier saw Gardner's sister walk out of the store and remembered she had not purchased a lawn mower or an air conditioner. She informed her supervisor. Gardner and his sister were later apprehended. Gardner admitted to the police that defendant was also a party to the theft.

Gardner, his sister, the cashier, a department manager, an assistant store manager, and a police officer testified for the state. Defendant did not testify. He rested without offering any defense.

■ Defendant contends the trial court plainly erred in "overruling" his motion for judgment of acquittal because the state's evidence was insufficient to support his conviction. He claims the state did not adduce sufficient evidence of the stolen items' value to convict him of stealing over $150.

■ We consider the facts and reasonable inferences favorable to the state and disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). Under § 570.020(1) RSMo1994, property value means:

[T]he market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.

■ "Evidence of both retail prices and wholesale cost are relevant in determining fair market value." *State v. Smith*, 621 S.W.2d 94, 97 (Mo.App.1981) (*citing State v. Jackson*, 581 S.W.2d 459, 460 (Mo.App.1979)). There was proof of value over $150 from three sources.

First, Gardner testified he agreed to pay defendant $150 for both the lawn mower and the air conditioner. He recalled the store price of the air conditioner was about "four hundred and something" and the lawn mower approximately "ninety-nine" dollars. Second, a department manager also testified, without objection, to the value of the stolen merchandise. He used a computer printout which listed the brand, style, and prices of various air conditioners and lawn mowers. He testified that an air conditioner, identical to the one stolen, would cost $309, and a lawn mower, identical to the one stolen was $90.95. The price would not have dramatically changed between August 16, 1993, to April 4, 1994, the date of the print out. Third, an assistant store manager employed with Builder's Square at the time of the stealing testified from memory that the combined total cost for the air conditioner and lawn

mower was four hundred and fifty dollars. There was evidence to sustain a conviction for stealing $150 or more. The conviction and sentence are affirmed.

■ Defendant next contends the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing. He asserts his attorney was ineffective because he failed to investigate and present testimony from co-worker Angie Bridgefort who would have testified to defendant's performance and duties at the time of the stealing.

■ We review in accord with *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993). To establish ineffective assistance of counsel for failing to present a witness, movant must prove (1) the witness would have been located through a reasonable investigation; (2) the witness would have been available to testify; and, (3) the testimony would have provided a viable defense. *See State v. Pendleton*, 860 S.W.2d 807, 811 (Mo.App.E.D. 1993); *Smith v. State*, 774 S.W.2d 562, 564 (Mo.App.1989).

Here, Bridgefort would have testified to the nature of defendant's duties as a loader, which included standing on the loading dock, assisting customers with their merchandise, checking customer receipts, and comparing the receipt to the merchandise the customer had. This testimony would not have provided a viable defense. Further, counsel's decision to call a witness, after investigation, is a question of trial strategy. *State v. Harris*, 854 S.W.2d 853, 857 (Mo.App.E.D.1993). Trial strategy is not a basis for an ineffective assistance of counsel claim. *Id.*

We affirm.

REINHARD, P.J., and CRANDALL, J., concur.