**STATE of Missouri, Respondent,**

v.

**Robert VAN, Appellant.**

No. 73860.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 25, 1999.

Rosalynn Koch, Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kevin F. Hennessey, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Presiding Judge.

Robert Van (Defendant) appeals from the judgment and sentence entered following his jury conviction for stealing $150 or more in violation of section 570.030, RSMo 1994. We affirm.

On January 15, 1996, Defendant entered the Lord & Taylor store in the Galleria shopping mall in St. Louis County. He immediately walked over to a vacant cash register and took a shopping bag. He went to a table with Nautica sweatshirts on it. He put a stack of four sweatshirts into the shopping bag and exited from the store into the mall. Mary Ellen Anastas, the store's loss prevention manager, was in the men's clothing area and observed Defendant take the sweatshirts. After Defendant left the store, Anastas approached him and identified herself as security. She took the shopping bag with the sweatshirts from Defendant and escorted him back to the security office. When she removed the sweatshirts from the bag, she noted on her report that three of the shirts had a retail value of $68.00 a piece, while the fourth shirt's retail value was $96.00.

The State charged Defendant with stealing $150 or more. At trial, the parties stipulated that Lord & Taylor sold the shoplifted items for a total of $302 (retail value), but paid a total of $144.50 to Nautica for them (wholesale value). The court instructed the jury on both felony and misdemeanor stealing. The jury convicted Defendant of the felony of stealing $150 or more. The court sentenced Defendant to six years in the Missouri Department of Corrections. Defendant appeals.

■ On appeal, Defendant argues the trial court abused its discretion in overruling his objection and allowing Anastas to testify about the inventory "shrinkage" experienced by Lord & Taylor for 1996. "Shrinkage" is the difference between the book stock and a physical count of the merchandise in the store. Defendant contends this evidence is irrelevant because it had no bearing on the value of the goods stolen.

■ The State charged Defendant with stealing $150 or more. To satisfy its burden, the State had to present sufficient evidence the "value" of the property was $150 or more. Sec. 570.030.3(1). "Value" is defined as "the market value of the property at the time and place of the crime...." Sec. 570.020(1), RSMo 1994. Evidence of both retail price and wholesale cost are relevant in determining market value. *State v. Williams,* 916 S.W.2d 465, 466 (Mo.App. E.D.1996).

■ Evidence is relevant if it logically tends to prove a fact in issue or corroborates relevant evidence bearing on a principle issue. *State v. Richardson,* 838 S.W.2d 122, 124 (Mo.App. E.D.1992). Relevancy is a decision within the trial court's discretion and substantial deference is given to the decision. *McClain v. Petkovich,* 848 S.W.2d 33, 36 (Mo.App. E.D.1993). Abuse of that discretion occurs "when the ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id.*

We find no abuse of discretion. The evidence of shrinkage is relevant to the determination of the market value of the stolen merchandise. Losses incurred by a business due to loss of inventory are a cost of doing business, which is often recovered through an increase in the retail pricing of items. The increased retail price can result in a corresponding increase in the market value of the merchandise.

In addition, our courts have recognized that while retail value is relevant, "the profit factor included in retail prices can be arbitrarily inflated or deflated by the merchant, and therefore, not realistically represent a true value to the victim."

*State v. Carter*, 544 S.W.2d 334, 338 (Mo. App.1976). Here, the defense argument clearly went to this issue. Defendant argued that the retail price ($302) reflected an excessive mark-up and that the wholesale cost ($144.50) was a more appropriate measure of the market value.* The State's presentation of the shrinkage evidence was a response to Defendant's argument in an attempt to justify the profit factor included in the retail price. Thus, the elements used in setting the retail price of the sweatshirts, including shrinkage, were relevant to show market value and the trial court properly allowed the evidence.

Judgment affirmed.

LAWRENCE G. CRAHAN and RICHARD B. TEITLEMAN, concur.

---

*.  We do not rule today on whether the State would have the right to introduce evidence of shrinkage in its case-in-chief due to the potential prejudice associated with such evidence.